## Tom J. WINSOR

v.

## MAINE REAL ESTATE COMMISSION.

Supreme Judicial Court of Maine.

Argued April 10, 1997.
Decided June 2, 1997.

---

Dana C. Hanley (orally), Hanley & Andrews, South Paris, for plaintiff.

Andrew Ketterer, Attorney General, David M. Spencer, Asst. Atty. Gen. (orally), Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] Tom Winsor appeals from the judgment entered in the Administrative Court (Portland, Beaudoin, J.) denying his petition for review and affirming an order of the Maine Real Estate Commission concluding that Winsor had violated 32 M.R.S.A. § 13067(1)(I)(2) (Supp.1996),[1] by permitting or authorizing an agent to perform brokerage services for an agency for which she did not hold a license. We are unpersuaded by Winsor's contentions on appeal that the Commission erred in concluding that he violated the statute, and we affirm the judgment.

[¶ 2] Winsor was licensed by the Commission as a "designated broker"[2] for three real estate agencies including The Real Estate Associates in Norway, and Maine Street Realty in Bethel. Carol Archambault, the agent whose conduct this case involves, was licensed as a broker[3] with The Real Estate Associates beginning in September of 1992. On April 28, 1994, Winsor wrote a letter to the Executive Director of the Commission, seeking to ascertain whether using brokers licensed at one firm to work as agents at another firm would violate existing law. By letter dated May 3, 1994, the director responded that such an arrangement essentially would violate the law because "[t]he Brokerage Act limits the issuance of licenses to no more than one license per person for the same period of time." Despite the director's letter, Archambault performed a variety of tasks at the Maine Street Realty office between May and August of 1994. On all of the documents that she signed during this period, Archambault indicated that she was acting on behalf of Maine Street Realty and not The Real Estate Associates.

---

1. Section 13067(1)(I)(2)provides that disciplinary sanctions may be imposed when "[t]he designated broker [has] permitted or authorized a person to engage in activity for which that person was not properly licensed...."

2. A "designated broker" is described as a "[t]he owner or a duly authorized agency official [who] shall hold a Maine real estate broker license and be designated by the agency to act for it in the conduct of real estate brokerage." 32 M.R.S.A. § 13173(1) (1988); see also 32 M.R.S.A. § 13271(6) (Supp.1996) (effective July 14, 1994). No statutory provision exists limiting a person to being a designated broker for only one real estate agency.

3. A "real estate broker" is defined as "any person employed by or on behalf of an agency to perform brokerage and licensed by the commission as a broker." 32 M.R.S.A. § 13198(1) (1988) (emphasis added). The Act provides that no more than "one license may be issued to any person for the same period of time." 32 M.R.S.A. § 13191(7) (1988). Thus, Archambault could not possess a license to work as an agent for both agencies at the same time.

[¶ 3] On August 18, 1994, the Commission received Archambault's application to change her license affiliation from The Real Estate Associates to Maine Street Realty. On September 13, 1994, Winsor wrote a letter to the Deputy Director of the Commission indicating that Archambault had been acting as a subagent with Winsor's permission and pursuant to his direction between May and August. On January 25, 1995, the staff alleged in a complaint that Winsor had violated section 13067(1)(I)(2) by permitting or authorizing Carol Archambault to broker for an agency for which she was not licensed. On March 9, 1995, following a hearing, the Commission unanimously concluded that Winsor had violated 32 M.R.S.A. § 13067(1)(I)(2) and imposed a fine of $1,200. The Commission found as a matter of fact that "Archambault's brokerage activity on behalf of Maine Street Realty consisted of [ ] listing six properties for sale with the agency, conducting four showings, preparing two offers to purchase property, and pursuing possible listings seven times."[4] Winsor subsequently appealed the decision to the Administrative Court pursuant to 32 M.R.S.A. § 13068(3)(1988). On September 25, 1996, the court affirmed the decision of the Commission, and this appeal followed.

 [¶ 4] Winsor contends that he did not violate section 13067(1)(I)(2) because Archambault was acting as a subagent of Maine Street Realty or pursuant to a co-brokerage agreement between the two agencies. Winsor argues that Archambault did not perform brokerage services for Maine State Realty because she was compensated by The Real Estate Associates, the agency with whom she held her license. When the trial court acts in

its appellate capacity in reviewing the decision of an administrative agency, in this case the Real Estate Commission, we review directly the decision of the Commission for an abuse of discretion, errors of law, or findings not supported by the evidence. *Atlantic Salmon Fed'n v. Board of Envtl. Protection,* 662 A.2d 206, 209 (Me.1995) (citation omitted). A commission's factual determinations will not be disturbed unless shown to be clearly erroneous. *Centamore v. Department of Human Servs.,* 664 A.2d 369, 371 (Me.1995) (citation omitted).

 [¶ 5] We disagree with Winsor's contentions that Archambault acted as a subagent or pursuant to a co-brokerage agreement. While working at Maine Street Realty, an agency with whom she was not licensed, Archambault performed several brokerage tasks including listing properties, showing them, preparing offers, and pursuing other listings on behalf of Maine State Realty. The evidence demonstrates that Archambault did not disclose that she did not hold a license with that agency in any of the papers she signed. Without exception, she signed the documents on behalf of Maine Street Realty.[5] The Commission's finding that Archambault was acting as an agent of Maine State Realty is supported by the record and is not clearly erroneous. Moreover, Winsor knew of Archambault's activities. The Commission's conclusion that Winsor had violated 32 M.R.S.A. § 13067(1)(I)(2) by authorizing Archambault to engage in brokerage services for Maine Street Realty when she did not hold a license authorizing her to do so is not clearly erroneous.[6]

---

**4.** 32 M.R.S.A. § 13001(2) (1988) lists activities that constitute real estate brokerage and includes the activities that Archambault performed.

**5.** Winsor argues that the fact that clients checked a box on some of the documents authorizing subagency relationships for the marketing and sale of the property supports his contention that Archambault was acting as a subagent of Maine Street Realty. In addition, although Archambault did not testify, a letter that she wrote was admitted in evidence that stated that she believed that she made clear to the customers that she worked for The Real Estate Associates. These factual contentions were argued at the adminis-

trative hearing, and the Commission nevertheless concluded that Archambault had acted as an agent of Maine Street Realty. The weight and credibility given to this evidence is properly left to the Commission in its role as finder of fact.

**6.** Winsor additionally contends that the terms "subagent" and "co-brokerage" are unconstitutionally vague and did not give him fair notice of what conduct was prohibited. In light of the Commission's factual conclusion that Archambault improperly acted as an agent of Maine Street Realty, his argument is unpersuasive.