STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-30
JRA -KEN- 5/30/2002

NIKKI HAGERMAN,

      Petitioner

  v.

**DECISION AND ORDER**

KEVIN CONCANNON,
COMMISSIONER, MAINE
DEPARTMENT OF HUMAN
SERVICES,

      Respondent

DONALD L. GARBRECHT
LAW LIBRARY

JUN 18 2002

This is an action pursuant to M.R. Civ. P. 80C in which the petitioner seeks this court's review of the decision of the Chief Administrative Hearing Officer (CAHO) of the Department of Human Services (DHS) which denied the petitioner a fair hearing to appeal a sanction levied against her for violating a TANF rule because her appeal was filed beyond the thirty-day period established for such a review. The petitioner protests this result, arguing that she had "good cause" for her late appeal which was never addressed in the administrative process which DHS is required to follow.

For the reasons here explained, the petition is to be granted and the matter remanded back to the departmental Administrative Hearings Unit for reconsideration of the merits of the petitioner's reasons for the late filing of her request for a fair hearing.

As there is no dispute as to the significant facts and procedural history in this case, they may be recited here as follows:

Up to October 13, 2000, the petitioner was a recipient of Temporary Assistance for Needy Families (TANF) of $395 and Food Stamp benefits of $230 per month. She

was requested by her DHS caseworker to meet with the latter on October 5, 2000, and, after missing that meeting, on October 12, 2000. Because she missed these meetings, on October 13, 2000, the caseworker "sanctioned" the petitioner by reducing her monthly TANF and Food Stamp benefits to $181 and $130, respectively.

On February 16, 2001, the petitioner requested a fair hearing to contest the cited reductions in TANF and Food Stamp benefits. In this request, she, through her attorney, claimed she had "good cause" for missing the October meetings with her caseworker as well as "good cause" for missing the appeal deadline.

With respect to the latter claim, the CAHO, in a letter dated March 21, 2000, to the petitioner's attorney, stated that the Office of Administrative Hearings (OAH) did not have "the jurisdiction to rule on the issue of whether an appeal hearing should be held, despite the fact the 30-day period has expired." (R. 7). This was because, "Section 1 of the OAH Hearing Regulations state (sic), 'Nothing in these regulations shall be construed as establishing a right to be heard on issues . . . for which a party has legally forfeited its opportunity to litigate.'" *Id.* The CAHO then reasoned that because the 30-day appeal period had expired, the petitioner forfeited her appeal opportunity and her request for a fair hearing contesting the TANF sanction would be denied.

The petitioner has turned to this court seeking relief from this decision, asking it to order the respondent to provide her with a fair hearing to contest the TANF sanctions and to provide her with "such other relief as this Court may deem just and proper . . .", Petition, p. 4. In doing so, she advances the argument that the DHS Public Assistance Manual, which outlines its administrative procedures, including the availability of a fair hearing when a benefit recipient disagrees with actions affecting her benefits, provides for a 30-day time limit to request a fair hearing which "may be

2

extended at the discretion of the Department." (R. 10).[1] It further provides that, "The decision to extend the request deadline is made by the Administrative Hearings Unit." *Id.*

The notice to the petitioner which reduced her benefits also advised her that she had a right to a fair hearing if she disagreed with the Department's action. It further told her that if she missed the appeal deadline, "we may still let you appeal if you have a good cause. Please tell us if you have a good cause."[2] (R. 4, p. 2).

Notwithstanding this administrative rule and the text of this notice, the CAHO denied the petitioner a hearing to establish good cause for her tardy appeal. In the court's view, this was error which requires remand. In reaching this conclusion, the court is mindful that its review of agency action must be a deferential one as to the agency's factfinding and its interpretation of a statute which it administers. *Centamore v. Department of Human Services*, 664 A.2d 369, 371 (Me. 1995). The same principle is applicable to an agency's interpretation of its own rules. *Downeast Energy Corp. v. Fund Ins. Review Bd.*, 2000 ME 151, ¶ 13, 756 A.2d 948, 951.

The first error which may be assigned to the CAHO's decision is as to its interpretation of its own rules which plainly calls for a result different than the one he

---

[1] An extension of the appeal period may be granted if the recipient has registered a prior complaint on the same action or was unable to request a hearing earlier due to circumstances beyond [her] control. *Id.*

[2] "Good cause" here can only mean good cause to allow a late appeal. Obviously, the "good cause" standard for failure to adhere to TANF regulations as provided at 22 M.R.S.A. § 3785 only applies when the merits of the dispute between a recipient and the Department are considered at the fair hearing itself. That being so, the merits of the recipient's good cause for a substantive violation of TANF regulations would not be addressed in her late request for a fair hearing -- only the good cause for that request would. Otherwise, the merits of the recipient's "good cause" for not adhering to TANF regulations would be prejudged as a basis to allow her a late appeal.

reached. In his decision, he makes no reference to either the TANF administrative procedures or to the sanction notice given to the petitioner, both of which unambiguously provide for the potential extension of the period to request a fair hearing upon a showing of either a basis to do so as established in the TANF rules or for good cause. Moreover, these rules explicitly provide that the decision to extend the 30-day appeal period is to be made by the Administrative Hearing Unit (R. 10).

No explanation is offered for these oversights; indeed, the CAHO in his decision never addressed these provisions, even though the petitioner's attorney referenced both the TANF appeal rules and the sanction notice in her request for a late hearing. Instead, the CAHO relied on the more generalized OAH Hearing Regulations which, as noted, provide that there is no right to a fair hearing when "a party has legally forfeited its opportunity to litigate."[3] (R. 7). In doing so, the CAHO violated the axiom that general provisions of law must yield to the more specific applicable provisions which are to be given "controlling force." *Cumberland Farms Northern, Inc. v. Maine Milk Commission*, 428 A.2d 869, 873 (Me. 1981).[4]

Moreover, the rule relied on by the CAHO calls for a forfeiture of the opportunity to litigate if the party has done so "legally." (R. 7). While the CAHO appears to interpret this language as an automatic forfeiture of the right to a fair hearing upon missing the 30-day deadline, he never determined whether that right was "legally" forfeited, that is, that it occurred by operation of law. To do so, the CAHO, at a

---

[3] Section 1 of the OAH Hearing Regulations on which the CAHO relied is not in the record. The court is assuming he quoted the rule correctly in his letter to petitioner's counsel.

[4] The cited case refers to statutory provisions rather than agency rules, but the logic and rationale for the preference for the application of specific laws over general ones would be the same.

minimum, should have ascertained if the time limit to appeal a TANF sanction could lawfully be extended in light of the OAH Hearing Regulations he cited, the TANF appeal rules, or the notice given to the petitioner. The failure to address this issue, despite the request by petitioner's counsel, amounts to either a failure to exercise discretion or a failure to address the merits of the petitioner's grievance as it relates to her right to a fair hearing so that the agency decision may be adequately reviewed here.

Next, this court must conclude that the CAHO erred in his determination that it is entirely within the Department's discretion not to waive the 30-day time period to request an appeal and that he had no authority to overrule the Department on this matter. Not only does a specific agency rule provide the CAHO with the discretion "to overrule" the Department on this issue, (R. 10), the only indication of the exercise of any discretion by a departmental official may be found in a brief memorandum by a supervisor in Rockland that the petitioner should be denied a fair hearing "as too much time has passed, without good cause." (R. 13). Nothing in this memorandum reflects any consideration by its author, or anyone else, of the facts and circumstances which might support the petitioner's application for a late appeal.

Thus, it is plain that at no stage in these proceedings were the merits of the petitioner's request for a late hearing ever addressed in any substantive way, notwithstanding agency rules and notices that provide for just such an assessment. These observations aside, it bears repeating that the TANF regulations specifically assign the responsibility to act on a request to extend the 30-day period to file a request for a fair hearing to the Administrative Hearings Unit and not to the caseworker or the local DHS supervisor. (R. 10). For the CAHO to yield to the supervisor's

5

recommendation to deny the extension flies in the face of this agency rule and renders the text of that rule and the sanction notice meaningless -- a result that could not have been intended by the rulemaker.

Last, as the petitioner has correctly argued, case law in Maine requires a hearing officer to exercise discretion when called upon to do so. *Baffer v. Department of Human Services*, 553 A.2d 659, 663 (Me. 1989). To defer in such an instance to departmental staff "thwarts the purpose of the hearing procedure." *Id.* In other words, by adopting specific rule and notice text which provide for a discretionary decision to permit the extension of an appeal period which is to be exercised by the Administrative Hearings Unit, the department must have intended that an official in that unit apply that discretionary authority without deference to the agency staff. To do otherwise would nullify the rule, the notice, and the hearing process, constituting an abuse of discretion and an error of law. *Centamore v. Department of Human Services*, 664 A.2d at 370.

Accordingly, the entry will be:

> Petition is GRANTED. Case is REMANDED to the Administrative Hearings Unit to consider the merits of the petitioner's request for an extension of time to request a fair hearing to contest the sanctions imposed on her for failure to comply with TANF rules.

Dated: May 30 , 2002

John R. Atwood
Justice, Superior Court

6

Date Filed __4/23/01__ __Kennebec__ Docket No. __AP-01-30__
County

Action ____80C Appeal____

# J. ATWOOD

Nikki Hagerman

Kevin Concannon, Commissioner
Maine Dept. of Human Serv.
221 State Street
Augusta, ME 04333

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Patrick Ende, Esq.<br>Maine Equal Justice<br>126 Sewall Street<br>Augusta ME 04330-6822<br>Rebekah J. Smith, Esq. | Marina E. Thibeau, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 4/26/01 | Petition for Review of Final Agency Action, filed.  s/P. Ende, Esq.<br>Copy of Administrative Order; Financial Affidavit and Application<br>to Proceed Without Payment of Fees by Plaintiff, filed. |
| 4/27/01 | Acceptance of Service, filed. s/Thibeau, AAG |
| 5/3/01 | ORDER ON APPLICATION TO PROCEED WITHOUT PAYMENT OF FEES, Studstrup, J.<br>(dated 4/30/01)<br>The filing fee is waived.<br>Copies mailed to attys of record. |
| 5/9/01 | Respondent's Answer, filed.  s/M. Thibeau, AAG |
| 5/24/01 | Stipulation Administrative Record, filed. s/Thibeau, AAG |
| 5/24/01 | Notice of briefing schedule mailed to attys of record. |
| 6/29/01 | Petitioner's Brief, filed. s/Smith, Esq. |
| 7/26/01 | Brief of Department of Human Services with Addendum, filed.<br>s/M. Thibeau, AAG |
| 8/10/01 | Petitioner's Reply Brief, filed. s/Smith, Esq. |
| 8/27/01 | Respondent's Motion to Continue Hearing, filed. s/Thibeau, AAG. |
| 8/28/01 | RESPONDENT'S MOTION TO CONTINUE, Atwood, J.<br>Motion granted.<br>Copies mailed to attys of record. |
| 12/28/01 | Hearing had with Hon. Justice John Atwood, presiding.<br>Rebekah Smith, Esq. for the Plaintiff and Marina Thibeau, AAG for the<br>Defendant.<br>Oral arguments made to the court. Court to take matter under advisement. |
| 5/31/02 | DECISION AND ORDER, Atwood, J.<br>Petition is GRANTED.  Case is REMANDED to the Administrative Hearings Unit<br>to consider the merits of the petitioner's request for an extension of time<br>to request a fair hearing to contest the sanctions imposed on her for<br>failure to comply with TANF rules. |