William CENTAMORE, et al.

v.

DEPARTMENT OF HUMAN
SERVICES, et al.

Decision No. 7398.
Law Docket No. Oxf–94–856.

Supreme Judicial Court of Maine.

Argued May 16, 1995.
Decided Sept. 13, 1995.

Robert C. Santomenna (orally), Drummond & Drummond, Portland, for plaintiffs.

Andrew Ketterer, Attorney General, Gerald Reid (orally), Assistant Attorney General, Augusta, for DHS.

Earl Buker (orally), Brockton, party-in-interest.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

The plaintiffs[1], residents of the Town of Sweden, appeal from a judgment entered in the Superior Court (Oxford County, *Sheldon, J.*) denying their petition for review of a decision of the Commissioner of Human Services authorizing Earl Buker to transport water in quantities exceeding ten gallons beyond the boundaries of Sweden and municipalities bordering Sweden pursuant to 22 M.R.S.A. § 2660–A(3) (1992). The plaintiffs contend that the Commissioner misinterpreted the Transport of Water Act, 22 M.R.S.A. §§ 2660–2660–A (1992), and that substantial evidence on the record does not support findings made pursuant to that Act. We vacate the judgment because one of the Commissioner's findings is unsupported by the evidence in the record.

Enacted in 1987 as a result of the Legislature's concern about the depletion of water resources, the Act prohibits the transportation of large quantities of water beyond the boundary of the municipality in which the water is naturally located unless the Commissioner of the Department of Human Services specifically authorizes such transport. 22 M.R.S.A. §§ 2660–A(1), (3).[2] Buker owns land in the Town of Sweden containing several natural springs, and he wishes to transport water from one of his springs to bottlers located beyond the boundaries of Sweden and adjoining municipalities. Buker applied to the Commissioner for such authorization and received it. The plaintiffs filed a petition for review of the Commissioner's decision in the Superior Court, pursuant to 5 M.R.S.A. §§ 11001–11008 (1989) and M.R.Civ.P. 80C. After the Superior Court affirmed, the plaintiffs appealed pursuant to M.R.Civ.P. 73(b). We remanded the matter for joinder of Buker as an indispensable party. *Centamore v. Department of Human Servs.*, 634 A.2d 950 (Me.1993). Thereafter, the plaintiffs filed an amended petition joining Buker as a party. The court again affirmed the decision of the Commissioner and this appeal followed.

22 M.R.S.A. § 2660–A(3) sets forth three criteria that must be satisfied before the Commissioner may authorize transport of water for commercial purposes beyond the boundary of the municipality in which that water is located.[3] The crux of this appeal is the Commissioner's determination that all three criteria have been satisfied.

On appeal from an intermediate appellate review of an administrative decision, we review the agency decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *International Paper Co. v. Board of Envtl. Protection*, 629 A.2d 597, 599 (Me.1993); 5 M.R.S.A. § 11007(4)(C) (1989). When the dispute in-

1. The plaintiffs in this case are William Centamore, Lois Centamore, Evelyn Ridlon, Leo Marx, Jane Marx, Wyatt Ridlon, and Wendy Ridlon.

2. Section 2660–A(2) lists four exceptions to the prohibition, none of which is applicable here.

3. The Commissioner of Human Services must find that:

Transport of the water will not constitute a threat to public health, safety or welfare; that the water is not available naturally in the location to which it will be transported; and that failure to authorize transport of the water would create a substantial hardship to the potential recipient of the water.
22 M.R.S.A. § 2660–A(3).

volves an agency's interpretation of a statute administered by it, the agency's interpretation, although not conclusive on us, is entitled to great deference and will be upheld "unless the statute plainly compels a contrary result." *Abbott v. Commissioner of Inland Fisheries & Wildlife,* 623 A.2d 1273, 1275 (Me.1993). The agency's factual determinations must be upheld unless shown to be clearly erroneous. *Imagineering, Inc. v. Superintendent of Ins.,* 593 A.2d at 1053 (Me. 1991).

■ To the extent that the Commissioner viewed the statute as one concerned primarily with preserving the water supply of people living near the water source who are dependent on the water, he did not err. The Legislature found that the transport of water for commercial purposes *away from its natural location* posed a threat to the health, safety and welfare of persons *living in the vicinity* of the water *who relied on it for daily needs.* 22 M.R.S.A. § 2660 (emphasis added).[4] The legislative findings further reflect an intent to prevent depletion of such water resources by preventing wholesale transport of water from its natural location. *Id.* The legislative concern that adequate supplies of water be available for domestic use is obvious. The Commissioner did not err in rejecting the plaintiffs' contention that the statute was intended to eliminate the transport of water for commercial purposes.

■ There is also no error in the Commissioner's finding that transportation of the water will pose no public health threat. The Commissioner construed the statute to be concerned with the threat to public health, safety, or welfare as it relates to the quantity and quality of the water supply in the community from which the water is to be transported. He correctly rejected traffic impact as part of the analysis. Such a construction is consistent with the purpose of the statute, as expressed in 22 M.R.S.A. § 2660.

■ We conclude, however, that the Commissioner's finding that failure to authorize transport of the water would create a substantial hardship to the potential recipient of the water is unsupported in the record. The Commissioner found that:

> The standard requires an argument from the applicant that a hardship would result if the bottled water was not available to the "potential recipient" (consumer). Mr. Buker's application proposes that buyers of spring water are engaged in a competitive market, and are in need of a guaranteed pure source of water, and would suffer substantial hardship if the water were not available. I believe this meets the third standard.

Argument is not evidence. Even if, as Buker argues, the potential recipient for whom the deprivation of water would create a substantial hardship is a potential bottler, the record is devoid of any proof of hardship to such a bottler. The only evidence even tangentially relating to the issue of hardship is a letter from H.P. Hood stating that Hood would like to have access to Buker's well as a water source. The mere fact that a competitor in the bottled water market would benefit from having another water source says nothing about any substantial hardship that would result if the source were unavailable.

The entry is:

Judgment vacated. Remanded for entry of a judgment reversing the decision of the Commissioner of Human Services.

All concurring.

---

4. Buker's challenge to the standing of the plaintiffs is meritless. The plaintiffs are all residents of Sweden and neighbors of Mr. Buker. The Act clearly requires the Commissioner to consider their welfare in making any determination as to the transport of water. 22 M.R.S.A. § 2660–A(3).