STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
KENNEBEC, ss.                           DOCKET NO. AP-00-77

FOREMOST INSURANCE
COMPANY,

         Petitioner

         v.                             **DECISION ON APPEAL**

MAINE SUPERINTENDENT,
OF INSURANCE,

         Respondent

This matter comes before the court on appeal pursuant to M.R. Civ. P. 80C

from a decision of the Bureau of Insurance which denied Foremost Insurance

Company's (Foremost) attempted nonrenewal of a home owner's policy pursuant to

24-A M.R.S.A. § 3051.

### Background

Angela Curtis and Calvin Robbins purchased a mobile home insurance policy

from Foremost to insure against property damage and liability claims. Two claims

for liability were made against the policy over the course of three policy terms

(September 11, 1997 through September 11, 2000). The first claim was made by

Curtis's father, who slipped and fell on some unshoveled steps at the trailer.

Curtis's father sustained no serious injuries but claimed a loss of income of $700 per

week as a clam digger for a nine week period. Foremost settled for $5,500. The

second claim was made by an inebriated neighbor who broke his nose while

attempting a front flip on a trampoline at the home.

Pursuant to 24-A M.R.S.A. § 3051, Foremost provided notice to Curtis and Robbins that their insurance coverage would not be renewed, citing as the reason "frequency of claims." Curtis and Robbins appealed Foremost's nonrenewal. The Superintendent's designated hearing officer found that Foremost did not comply with the statutory provision, concluding that the reason for nonrenewal was not sufficiently explicit.

## Discussion

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, the court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). The statute in question requires the notice of intention not to renew be received by the insured at least 30 days prior to the expiration date of the policy, and also states:

> The reason or reasons for the intended nonrenewal action shall accompany the notice of intent not to renew and the reason or reasons shall be *explicit*. Explanations such as 'underwriting reasons,' 'underwriting experience,' 'loss record,' 'location of risk,' 'credit report,' and similar insurance terms are not by themselves explanation of an insured's intended nonrewal . . . the reason for nonrewal shall be a good faith reason rationally related to the insurability of the property.

At hearing, Foremost explained that the circumstances underlying the claim regarding the fall on the steps was suspicious. The hearing officer correctly noted that the submission of suspicious claims was not included as a reason for nonrewal in the notice. The hearing officer went on to observe that Foremost had presented compelling evidence regarding the circumstances surrounding the trampoline claim, but again this was not an asserted reason included in the notice. Whether or

not Foremost's suspicions about the claims were well founded, there is nothing about the notice that would inform the insureds of these reasons.

Foremost also argues that the purpose of the notice requirement has been served since the insureds did in fact appeal the decision and now have a forum to explore the validity of the nonrenewal. This argument is a tacit admission that the notice was not explicit, as required by the statute. In addition, Foremost's concerns that the Superintendent's ruling might require insurance companies to use "magic words" in their notices is ironic in light of its apparent argument that "frequency of claims" is somehow magically an explicit reason in this case.

In summary, the court finds no abuse of discretion, error of law, or unsupported findings in the Bureau's decision. The entry will be:

Appeal DENIED.

Dated: May 19, 2001

S. Kirk Studstrup

Justice, Superior Court

Date Filed  11/15/00  Kennebec  Docket No.  AP00-77
County

Action  Petition for Review
80C

J. STUDSTRUP

| Foremost Insurance Company | vs. | Maine Superintendent of Insurance |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Peter Bickerman, Esq.<br>45 Memorial Circle<br>P.O. Box 5307<br>Augusta, Maine 04332-5307 | Andrew Ketterer, AG<br>State House Station #6<br>Augusta, Maine 04333-0006<br>Carolyn A. Silsby, AAG |

| Date of Entry | |
|---|---|
| 11/16/00 | Petition for Review of Final Agency Action, filed. s/Bickerman, Esq. (filed 11/15/00)  (attached exhibits A,B) |
| 12/1/00 | Entry of Appearance, filed. s/Silsby, AAG |
| 12/15/00 | Certification of Record, filed. s/Silsby, Esq. |
| -------- | Notice of briefing schedule mailed to attys of record. |
| 1/19/01 | Petitioner's Unopposed Motion for Enlargement of Time to File Brief, filed. s/Bickerman, Esq.<br>Proposed Order, filed. |
| 1/22/01 | ORDER GRANTING ENLARGEMENT OF TIME, Studstrup, J. (dated 1/19/01)<br>Petitioner's brief shall be filed on or before February 7, 2001.<br>Copies mailed to attys of record. |
| 2/9/01 | Brief of Pettiner Foremost Insurance Company, filed.s/Bickerman, Esq. (filed 2/7/01)  (attached copy of Decision and Order) |
| 3/9/01 | Respondent's Brief in Opposition to Petition for Review of Final Agency Action, filed. s/ |
| 3/27/01 | Reply Brief of Petitioner Foremost Insurance Company, filed. s/Bickerman, Esq.  (filed 2/26/01)<br>Certificate of Service, filed. s/Bickerman, Esq. |
| 4/5/01 | Hearing had on Oral arguments on 4/3/01 with Hon. Justice Kirk Studstrup, presiding. Kim McCulloch, CR. No clerk present |
| 5/21/01 | DECISION ON APPEAL, Studstrup, J.<br>Appeal DENIED.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss.<br><br>Notice of removal of record mailed. |