STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-54
DHM- KEN-8/10/2001

TRACY MEEKS,

       Petitioner

  v.

DECISION AND ORDER

KEVIN CONCANNON,
COMMISSIONER, MAINE
DEPARTMENT OF HUMAN
SERVICES,

       Respondent

This matter is before the court for review of final agency action pursuant to M.R. Civ. P. 80C. The underlying facts are found and articulated in the Decision on Review of this court on a previous petition of this petitioner in Kennebec County Superior Court, Civil Action Docket No. AP-99-09, so it will simply be paraphrased here. The petitioner was terminated from participation in a program administered by the respondent under the Federal Child Care Development Fund for a child care subsidy administered locally by the Penquis Community Action Program. This termination was founded upon inappropriate and angry behavior on the part of the petitioner. Some 10 months later, after receiving services to assist the petitioner in her anger management, she applied for reinstatement of participation in the program. Her request for reinstatement was denied without hearing causing her to initiate an 80C petition before this court. The court found that the termination of participation was correct, there was no abuse of discretion, lack of evidence, or error of law. However, the court came to a different conclusion with respect to the denial for reinstatement. The court that circumstances had changed, the immediacy of the situation had passed, and that

. . . the DHS decision to summarily deny reinstatement without an opportunity for hearing was a violation of DHS's own regulation and an abuse of discretion. Meeks should have an opportunity to present evidence that she is able to control her emotions and will not pose a safety risk to Penquis personnel for agency consideration. The error may be corrected by giving Meeks her hearing now.

Decision of December 23, 1999, p. 7 (emphasis supplied). The matter was remanded to the Department of Human Services for further proceedings.

A hearing was held on April 19, 2000, as a result of the remand resulting in a decision that the Department was correct when it denied the request for reinstatement in December of 1998. However, the examiner found the following:

Since the December 1998 action Ms. Meeks has been involved in a number of treatment programs in an attempt to better manage her behavior as documented in Dr. McCue-Herlihy's report. (Footnote omitted). That report detailing her participation in those programs, and the success obtained, is considered new evidence pursuant to the Administrative Hearing Regulations, (VII) (C) (2), and is admissible at this proceeding. The Department has had the opportunity to review, and respond to, the new evidence. However, after review of that evidence it is this Hearing Officer's conclusion that the new evidence primarily relates to Ms. Meeks' ability to manage her anger at time periods after the December 1998 action, rather than her ability to do so between the February 1998 termination of services and the December 1998 denial of services that is under appeal at this hearing. It is, therefore, concluded that the new evidence submitted on Ms. Meeks' behalf is, for the most part, more pertinent to Ms. Meeks' present ability (emphasis supplied) to manage her anger rather than her ability to do so in December 1998. Although the Hearing Officer does not dispute Mr. Doiron's argument that Ms. Meeks does not presently pose a threat to day care providers and/or other day care participants, current eligibility for services is not the issue under review at this proceeding.

Therefore, the hearing examiner whose conclusions form the basis of this petition, only considered for the termination as relevant the evidence up to December 31, 1998, and finding the Department correct in denying the request for reinstatement.

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of

2

law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995).

Meeks takes the position that the hearing officer committed an error of law because the December 31, 1998 decision is a denial of benefits for past behavior for which there is no regulatory support. In the DHS regulations there is a provision which regulates an action for request for services or denials (IV(F)(A)) and a provision which relates to termination of benefits (IV(F)(B)). (Emphasis supplied). Meeks argues that the former applies to her case and because it does not provide for denial based on previous bad conduct, the hearing officer's decision must be reversed. DHS argues that the decision was a reconsideration of a termination which brings the analysis under IV(F)(B)(3)(e). The dispute is much ado about nothing. The denial provision does not enumerate a restrictive list of all circumstances under which an application may be denied but rather lists those occasions in which no hearing is necessary. By implication there must be reasons for denial not listed which do require a hearing. Even if we characterize the December 31, 1998 decision as a denial rather than a reconsideration of a termination of benefits, it is obvious the Department has the authority to deny an applicant whose mental stability and propensity for violence is of concern. In any case, the hearing officer, in this regard, did not commit legal error.

Petitioner's second argument is that the hearing officer unnecessarily restricted his conclusion to the facts made available to the agency as of December 31, 1998. The hearing officer referred to ample evidence of Meeks's success in controlling her behavior since that date but while he accepted the evidence, he determined it irrelevant to the determination of whether the department was correct in the December 1998 rejection of Meeks's application. Meeks counters that the language of the Superior

3

Court's order supports her position that this post-December 1998 evidence should have been considered. She quotes the court's language:

> Meeks should have an opportunity to present evidence that she <u>is</u> able to control her emotions and <u>will not</u> pose a safety risk to Penquis personnel for agency consideration. The error may be corrected by giving Meeks her hearing now.[1]

(Emphasis added by petitioner).

This court agrees with the petitioner's reasoning briefly mentioned in *Baffer v. DHS*, 553 A.2d 659, n.1 (Me. 1989). Although the facts in *Baffer* are significantly different than those in the instant case, the admonition that the Commissioner or his designee is finally vested with the authority to defer, or not, to the departmental staff's previous decisions is equally applicable here. This is buttressed by the language of 5 M.R.S.A. § 9061(2) which states that hearings shall be on "all issues." Absent some restriction within the agency's regulations this means that the hearing officer should have taken into consideration Meeks's evidence since the December 1998 decision that she poses no threat to CAP personnel. The hearing officer acknowledges in his decision that the regulations allowed him to consider this new evidence. The only purpose for the hearing officer's decision may have been to deny Meeks a retroactive credit of vouchers, if such a thing could be accomplished. If so, the decision in its narrowest sense should be affirmed, that is, as of the date of the December 1998 decision there was sufficient support for the denial of vouchers.

However, the hearing officer should have considered this new evidence and allowed Meeks access to the vouchers going forward from the date of the hearing. Instead, the Department has acted in a way which undermines the purpose of

---

[1] DHS all but expressly concedes that if Meeks were to file a new application today that it would reinstate her benefits.

4

administrative hearings, to wit; to avoid the redundancy often attendant within government agencies and to provide benefits to the people it serves expeditiously. That is, to execute the task given to it by the Legislature without unnecessarily causing the court to interpose itself at every turn. As the petitioner's suitability for participation was not in dispute at the time of the hearing, this distinction between the denial of reinstatement and the legitimacy of the termination is a moot exercise, is inconsistent with the previous order of this court and has caused the petitioner to be without benefits for a period in excess of two years.

It was clearly error for the hearing examiner not to consider anew the status of the petitioner at the time of the proceedings conducted in accordance with this court's order of December 23, 1999, and an abuse of discretion in not considering the status of the petitioner in her request for reinstatement as of the date of the hearing. As a matter of law, the termination of benefits has been affirmed by this court on December 23, 1999, in Docket No. AP-99-009. Further, this court is satisfied that the Department has the authority to deny a reinstatement where mental stability and propensity for violence is of concern. However, the failure of the hearing examiner to properly consider this mental stability and propensity for violence as of the date of April 2000 hearing is error.

The entry:

Appeal SUSTAINED; matter REMANDED to the Department of Human Services for further proceedings consistent with this Opinion.

Dated: August __, 2001

Donald H. Marden
Justice, Superior Court

5

Date Filed __8/11/00__  _____Kennebec_____  Docket No. __AP00-54__
                                County

Action __Petition for Review__                    **J. MARDEN**
                   80C

Tracy Meeks                          vs.  Department of Human Services

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| -Patrick Ende, Esq.<br>P.O. Box 5347<br>Augusta, Maine 04332<br>-Judson Esty-Kendall, Esq.<br>61 Main Street<br>Bangor, Maine 04401 | Marina Thibeau, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 8/14/00 | Petition for Review of Final Agency Action (M.R.Civ.P. 80C), filed. s/Ende, Esq. (filed 8/11/00) (attached exhibits A,B,) |
| 8/18/00 | Acceptance of Service, field. s/Thibeau, AAG. |
| 9/14/00 | Certified Record, filed. s/Thibeau, AAG.<br>Notice of briefing schedule mailed to attys of record. |
| 10/24/00 | Motion for Extension of Time, filed. s/Ende, Esq. |
| 11/3/00 | MOTION FOR EXTENSION OF TIME, Marden, J.<br>Motion granted.<br>Copies mailed to attys of record. |
| 11/30/00 | Brief of Petitioner, filed. s/Ende, Esq. |
| 12/27/00 | Respondent's Brief, filed. s/M. Thibeau, AAG |
| 1/17/01 | Petitioner's Reply Brief, filed. s/Ende, Esq. |
| 1/18/01 | Attachment to Petitioner's Reply Brief, filed. s/Ende, Esq. |
| 2/27/01 | Commissioner's Motion to Continued Oral Argument, filed. s/Thibeau, AAG. |
| 2/28/01 | MOTION TO CONTINUE ORAL ARGUMENT, Marden, J.<br>Motion granted. Oral argument is rescehduled for next available list.<br>Copies mailed to attys of record. |
| 5/31/01 | Hearing had on oral arguments held on 5/30/01 with Hon. Justice Donald Marden, presiding.<br>Patrick Ende, Esq. for the Plaintiff. Marina Thibeau, AAG for the State<br>Oral arguments made to the court. Court to take matter under advisement. |
| 8/13/01 | DECISION AND ORDER, Marden, J. (dated 8/10/01)<br>Appeal SUSTAINED; matter REMANDED to the Department of Human Services for further proceedings consistent with this Opinion.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss.<br><br>Notice of removal of record mailed to attys. |