STATE OF MAINE

KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-96
SKS - KEN - 5/30/2002

RICHARD & SHERRY THACKER,

Petitioners

v.

MAINE DEPARTMENT OF TRANSPORTATION
and KONOVER DEVELOPMENT CORP.,

Respondents

DECISION ON APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

JUN 18 2002

This matter comes before the court on the appeal of petitioners Richard and Sherry Thacker, pursuant to M.R. Civ. P. 80C. The final agency action for which review is requested is the decision of the Commissioner of Transportation dated November 29, 2001, denying the Thackers' request for reconsideration of a Traffic Movement Permit. The appeal will be denied.

BACKGROUND

Petitioners are the owners of an Arby's restaurant at the intersection of Route 196 and the Topsham Fair Mall Road in Topsham. The only access to the Arby's parking lot is from the Mall Road. Respondent Konover Development Corporation (Konover) owns a large parcel of land on Mall Road that it proposes to subdivide into thirteen lots, including sites for Walmart and a Home Depot. Several lots on Mall Road already house businesses which include a strip mall, supermarket, and several other restaurants.

Due to the size of Konover's plan, several permits and approvals are required, including a Traffic Movement Permit from the Maine Department of

Transportation (MDOT) pursuant to 23 M.R.S.A. § 704-A. After application and review, MDOT issued the Traffic Movement Permit on November 1, 2001, subject to certain conditions. The petitioners requested reconsideration, which was denied on November 29, 2001. This appeal was timely filed on December 28, 2001.

DISCUSSION

When the decision of an administrative agency is appealed, pursuant to Rule 80C, this court reviews the agency's decision for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamor v. Dep't of Human Servs.*, 664 A.2d 369 (Me. 1995). In reviewing the decisions of an administrative agency, the court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991).

The petitioners raise three issues for review. First, they argue that Konover lacks sufficient right, title, or interest in the land at the corner of Mall Road and Route 196, which would be required to provide a turning radius at the intersection large enough to accommodate large trucks. In response, the MDOT asserts that the developer has an option contract to acquire the land for development and that other impacted land is within the public ways owned by the Town of Topsham. An option contract is sufficient right, title, and interest in the parcel to be developed. *Murray v. Town of Lincolnville*, 462 A.2d 40 (Me. 1983).

2

A second point on appeal concerns the adequacy of a left turn lane from the Mall Road to access Arby's parking lot. The MDOT required a seventy-five foot long left turn lane to hold cars waiting to make the turn into the Arby's access road without blocking traffic. The petitioners argue that this is inadequate and there must be room to hold eight cars waiting to turn. The MDOT's approved plan would hold seven cars. This is precisely the type of issue regarding which the court should not attempt to second guess the expertise of the agency as long as the conclusion appears reasonable. Based on the extensive record, the court finds MDOT's decision to be supported by this record and a reasonable result from that record.

The petitioners' final point on appeal is that the MDOT erroneously conducted its level of service review because it did not include review of the driveway leading into its parking lot. The traffic movement permit rules requires an analysis for "each road and intersection in the vicinity of the proposed development." The MDOT argues that "intersection" means the intersection of roads, not individual driveway entrances. Furthermore, the MDOT contends that it did conduct and adequate analysis of the Arby's entrance as witnessed by its decision with regard to the left turn lane. The court agrees with MDOT in its interpretation of its own regulations and finds adequate support in the record that the Arby's driveway was adequately considered.

In general, the record shows extensive study and design review of the proposed development and the necessary improvements to the Topsham Fair Mall

Road, upon which the permit is conditioned. The court finds no abuse of discretion, errors of law, or findings not supported by the evidence in the Commissioner's final action. Accordingly, the entry will be:

>Appeal denied, decision of the MDOT is affirmed and remanded to MDOT.

DATED: 5/30/02

S. Kirk Studstrup
Justice, Superior Court

4

Date Filed __12/27/01__ ____Kennebec____ Docket No. __AP01-96__
County

Action __Petition for Review__
80C

**J. STUDSTRUP**

Richard & Sherry Thacker           vs.   Maine Dept. of Transportation & Konover

| Plaintiff's Attorney | Defendant's Attorney Development Corporation |
|---|---|
| Richard Golden, Esq.<br>Clifford Golden, Esq.<br>P.O. Box 368<br>Lisbon Falls, Maine 04252 | James Smith, Esq. (Transportation)<br>16 State House Station<br>Augusta, Maine 04330<br>- Helen L. Edmonds, Esq. (Konover)<br>One Monument Square<br>Portland, Maine 04101 |

| Date of Entry | |
|---|---|
| 1/2/01 | Petition for Judicial Review of Administrative Decision, filed. s¢ol<br>s/Golden, Esq.  (filed 12/27/01)<br>Original Summons with return service made upon Dept. of Transportation, filed.  (filed 12/28/01)<br>Acknowledgment of Receipt of Summons and Complaint or Post-Judgment Motion, filed. s/Smith, Esq.  (filed 12/28/01) |
| 1/8/02 | Konover Development Corporation's Notice of Appearance, filed. s/Edmonds, Esq.  (filed 1/7/02) |
| 1/8/02 | Original Summons with Acceptance of Service dated 1/3/01 signed by Helen Edmonds, Esq. on behalf of Konover, filed. |
| 1/18/02 | Maine Department of Transportation's Response to Petition for Judical Review filed. s/Smith, Esq. (filed 1/15/02) |
| 1/29/02 | Maine Department of Transportation's Motion for Enlargement of Time to File the Record Pursuant to Maine Rules of Civil Procedure 7(b)(4), filed. s/Smith, Esq.<br>Request for Hearing, filed.<br>Proposed Order, filed. |
| 1/30/02 | Certification of Record., filed. s/Smith, Esq. **(IN VAULT)** |
| 1/30/02 | ORDER ON MOTION FOR ENLARGEMENT, Stustrup, J.<br>Copies mailed to attys of record. |
| 1/31/02 | Notice of briefing schedule mailed to attys of record. |
| 3/11/02 | Petitioners' Brief, filed. s/Golden, Esq. |
| 4/10/02 | Response Brief of Respondent Maine Department of Transportation, filed. s/Smith, Esq.<br>Konover Development Corporation's Rule 80C Brief, filed. s/Edmonds, Esq. |
| 4/25/02 | Reply Brief, filed. s/Golden, Esq. |