STATE OF MAINE                                  SUPERIOR COURT
                                                CIVIL ACTION
KENNEBEC, ss.                                   DOCKET NO. AP-04-67

MARTYN VICKERS, M.D.,

        Petitioner

        v.                                      **DECISION AND ORDER**

MAINE STATE BOARD OF
LICENSURE IN MEDICINE,

        Respondent


This matter is before the court on petition for review of final agency action pursuant to M.R. Civ. P. 80C.

At all times relevant to this case, Petitioner Martyn Vickers, M.D. ("Petitioner" or "Dr. Vickers") was employed by the United States Veterans Administration Hospital Facility at Togus, Maine. Dr. Vickers has been licensed in Maine as a physician since 1969, and also holds a medical license issued by the Commonwealth of Massachusetts.

In 2003, Respondent Maine State Board of Licensure in Medicine ("Respondent" or "the Board") received two separate complaints from former patients of Dr. Vickers alleging incompetence. Pursuant to 32 M.R.S.A. § 3282-A(1), the Board requested that Dr. Vickers formally respond to the complaints within thirty days. The Petitioner failed to respond as required, and instead, his attorney sent two letters to the Board alleging that it lacked jurisdiction in this matter by virtue of the Federal Constitutional Supremacy Clause. The Assistant Attorney General replied by noting that the Veterans Administration Handbook urges cooperation with state licensing boards, but Dr. Vickers still failed to respond. Thus, the Board ordered an adjudicatory hearing and sent notice to the Petitioner and his attorney on June 11, 2004.

The Respondent held the adjudicatory hearing on July 13, 2004. By its written decision of that date, the Board concluded that it had jurisdiction over Dr. Vickers, and that his failure to answer the complaints represented a violation of professional conduct under section 3282-A(2)(H) of title 32. The Board therefore ordered the Petitioner to respond to the complaints by August 1, 2004, and also issued a letter of guidance regarding his responsibility to respond to its lawful requests. Further, the Board imposed a fine of $1,500.00 for each of the Petitioner's failures to respond.

Upon the filing of petition, administrative record and briefs, the matter is now before the court for determination.

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this Court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Board of Exam'r of Psychologists*, 2000 ME 206, ¶9, 762 A.2d 551, 555 (citing *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶6, 703 A.2d 1258, 1261). In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991).

"When the dispute involves an agency's interpretation of a statute administered by it, the agency's interpretation, although not conclusive on the Court, is accorded great deference and will be upheld unless the statute plainly compels a contrary result." *Id.* (citing *Centamore v. Department of Human Services*, 664 A.2d 369, 370 (Me. 1995)).

As Dr. Vickers sees it, the sole issue in this appeal is whether or not the Board has authority to regulate the actions of a federal employee who is acting in the performance of his federal function. The Petitioner first notes that he is employed by the United States Department of Veterans Affairs pursuant to 38 U.S.C. § 7401(1). In addition, Dr. Vickers states that VA physicians are subject to review when charges arise that impugn their conduct or professional competence. *See* 38 U.S.C. §§ 7461-7464 (2005). Further, the Petitioner asserts that the federal statutory and regulatory scheme has been implemented to assure that federal standards are met in the performance of a VA physician's duties.

Dr. Vickers notes that pursuant to 38 U.S.C. § 7402(b)(1)(C), a VA physician is required to be licensed in at least one jurisdiction, but not necessarily in the state in which the physician is employed. In other words, a state license is required for employment at the VA at Togus, but it does not have to be a Maine license. The Petitioner asserts that the Board has no authority over physicians licensed in other states who are practicing medicine at the VA or other federal government facilities within the State of Maine. Dr. Vickers contends that the federal statutory scheme preempts the State's ability to discipline VA physicians, and that it would be inconsistent to have the State regulating some VA physicians but not all.

Pursuant to the Supremacy Clause of Article VI of the United States Constitution, the Petitioner contends that it would be unconstitutional for any state licensing board to take action against a federal employee. In support of this proposition, Dr. Vickers cites to *Sperry v. Florida Ex Rel. Florida Bar*, 373 U.S. 379 (1963). In that case, the Florida Bar objected to Sperry representing clients before the United Sates Patent Office. Sperry was not a member of any state's bar. The federal statute, however, permitted the Commissioner of Patents to authorize practice before the Patent Office by non-lawyers,

and the Commissioner had in fact exercised this power. The Supreme Court found that the Supremacy Clause preempted Florida law and its regulation of the practice of law in this instance. In particular, the Court noted that "[a] state may not enforce licensing requirements which, though valid in the absence of federal regulation, give 'the State's licensing board a virtual power of review over the federal determination' that a person or agency is qualified and entitled to perform certain functions, or which impose upon the performance of activity sanctioned by federal license additional conditions not contemplated by Congress". *Id.* at 385 (citations omitted). Here, Dr. Vickers notes that Congress has authorized the VA to establish requirements for the hiring and retention of physicians in its clinics, and that these requirements do not involve licensure within the state in which the hospital or clinic is located. The Petitioner asserts that this conflicts with Maine law, which requires the licensure of physicians practicing in this State, and therefore the Supremacy Clause acts to preempt the State law. Because Dr. Vickers believes that the Board was without the authority to discipline him, he contends that the fines must be vacated and the letter of guidance purged from his records.

In opposition, the Board states that the Legislature has given it the power to license and set standards of practice for physicians and surgeons practicing medicine in Maine. *See* 32 M.R.S.A. § 3269(3) (2004). In addition, the Respondent notes that "the disciplinary authority of occupational licensing boards is limited to enforcement against licensees or former licensees". *Golz v. Maine Real Estate Commission*, 634 A.2d 1288, 1289 (Me. 1993). The Board concedes that federal law permits Dr. Vickers to practice at the VA hospital at Togus under his Massachusetts license alone. However, after applying for and receiving a Maine license, the Board asserts that Dr. Vickers has both the right to practice in this State, as well as the responsibility to follow the Board's statutes and rules. Moreover, the Respondent explains that while the federal government may

review the conduct and competence of physicians in its employ, the State has the sole authority to act on an individual physician's license.

In response to the Supremacy Clause argument raised by Dr. Vickers, the Respondent quotes from portions of *Perez v. Campbell*, 402 U.S. 644 (1971). In *Perez*, the Supreme Court explained, "[d]eciding whether a state statute is in conflict with a federal statute and hence invalid under the Supremacy Clause is essentially a two-step process of first ascertaining the construction of the two statutes and then determining the constitutional question whether they are in conflict". *Id.* at 1708. In the present case, however, the Board points out that there is no federal statute authorizing the licensing or disciplining of physicians. Since there is no federal statute, the Board contends that there can be no conflict with State law, and hence, no basis for a federal Supremacy Clause argument. Moreover, the Board contends that the various Maine statutes that authorize the board to license, investigate and discipline licensees do not "stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress". *Id.* at 1711 (citations omitted).

In support of its position, the Respondent also cites to a decision of the Colorado Court of Appeals that is based on very similar facts. In *Colorado State Board of Medical Examiners v. Kevin P. Sullivan*, 976 P.2d 885 (Colo. Ct. App. 1999), the Colorado Board issued a complaint against a civilian physician who worked at a military reservation hospital. In upholding the Colorado Board's revocation of the physician's license, the court noted that the state's Medical Practice Act permitted the Colorado Board to discipline physicians for acts which occurred outside the state. Moreover, the court noted that such discipline "does not prevent, by operation of Colorado law, practicing medicine in another jurisdiction. It merely restricts the use of the Colorado license within state boundaries". *Id.* at 888.

Similarly, the Board notes that it can and does routinely discipline its licensees for acts that occurred outside the State of Maine. The Respondent suggests that in exercising its authority, it is not regulating medical practice in any other jurisdiction, including a VA hospital. Rather, the Board asserts that any action it takes operates solely upon the physician's license to practice medicine in Maine. Thus, the Board believes that its statutory authority and its actions taken against Dr. Vickers should be affirmed.

With regard to arguments raised by the Petitioner, first, it appears that the *Sperry* decision is factually distinguishable, and thus, inapplicable to this case. Unlike the situation in *Sperry*, the Petitioner cites no act of Congress that gives federal authorities the power to license the practice of a profession, also regulated by the State, under circumstances that clearly contravene State law. Indeed, there is no indication here that the State is exercising a power of review over a federal licensing decision or imposing additional conditions on licensees that were not contemplated by Congress. Quite to the contrary, the statue cited in Dr. Vickers' own brief shows that the various states are solely responsible for the licensing of federally employed physicians. *See* 38 U.S.C. § 7402(b)(1)(C).

Similarly, the case relied upon by the Board seems to be of questionable value in resolving the issue presently before this Court. In that case, the Colorado Court of Appeals was asked whether the state's Medical Practice Act infringed on exclusive federal jurisdiction over a federal enclave. Also, the appellant physician asked the court to decide whether the state board's revocation of his medical license for acts occurring outside state borders was proper. The physician in that case apparently did not raise the Supremacy Clause as an issue, and Dr. Vickers asks neither of the questions actually addressed by the court.

The Maine Law Court has explained that the "sole task in determining whether federal law preempts a state statute is to ascertain Congressional intent". *Robards v. Cotton Mill Associates*, 677 A.2d 540, 543 (Me. 1996) (citations omitted). The Law Court has also recognized the situations in which preemption may apply:

> Pre-emption occurs when Congress, in enacting a federal statute, expresses a clear intent to preempt state law, when there is an outright or actual conflict between federal and state law, where compliance with both federal and state law is in effect physically impossible, where there is implicit in federal law a barrier to state regulation, where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the states to supplement federal law, or where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress.

*Id*. at 544 (citations omitted). In addition, the Law Court has noted that preemption is not a favored concept. *See Id*. at 543.

Considering the aforementioned federal and State laws in light of these standards, it is clear that preemption does not apply in this case. The federal statutes cited by the Petitioner do not express a clear intent to preempt state law, nor does the federal legislation contain an implicit barrier to the actions taken by the Board against Dr. Vickers. Further, the federal regulatory scheme is not so expansive that it can be said to occupy the entire field, leaving no room for state oversight of its licensees that are also federal employees. In fact, as alluded to above, Congress explicitly left the licensing of federally employed physicians to the states. This indicates that licensing standards and disciplinary procedures implemented by state legislatures are actually in harmony with the federal regulatory scheme. Moreover, merely because a VA physician charged with unprofessional conduct might be subject to disciplinary proceedings at the federal level does not foreclose the State from sanctioning the same conduct. Indeed, it defies logic to suggest that Congress left licensing decisions to the

states, but did not intend that states also have the power to reprimand their licensees or take more serious action affecting their ability to practice.

For all of these reasons, this Court finds that the Supremacy Clause does not operate to preempt the State's ability to regulate and discipline its licensees who are also federal employees.

At oral argument, Petitioner's counsel pointed out that ultimately, Dr. Vickers did provide a response and the Board, upon consideration of all the evidence, found no violation of the standards of the practice of medicine and therefore dismissed the complaints. Counsel, therefore, argues that the action by the Board being reviewed relates solely to the procedural matter of Dr. Vickers' failure to respond and not only does not reflect directly upon his fitness to practice medicine but also is unduly harsh. In that regard, Petitioner argues that he has been unduly punished for exercising his right to argue the federal Supremacy Clause.

The Court compares this situation to that of a person charged with contempt in the Superior Court who refuses to appear but sends counsel to challenge the jurisdiction. He has an absolute right to make that challenge but, if it is found by the Court to clearly be within its jurisdiction, the defendant cannot complain of the penalty for contempt for refusal to participate. Furthermore, to the degree the letter of guidance and fine appear harsh, that is a discretionary matter within the Maine State Board of Licensure in Medicine. Inasmuch as it is supported by the evidence, the Court will not interfere.

The entry will be:

Decision and Order of the Maine State Board of Licensure in Medicine dated July 13, 2004, IN RE: Licensure Disciplinary Action, Martyn A. Vickers, Jr., M.D. is AFFIRMED.


Dated: April___6___, 2005

Donald H. Marden
Justice, Superior Court

Date Filed    9/3/04         Kennebec              Docket No.    AP04-67
                              County

Action    80C Appeal                                    J. MARDEN


      Martyn Vickers, MD                         Maine State Board of
                                              Licensure in Medicine, Agency
                                         vs.   137 State House Station, Augusta

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Bruce Williams, Esq.<br>Dept. of Veterans Affairs<br>1 VA Center<br>Augusta, ME  04330 | Ruth E. McNiff, AAG<br>6 State House Station<br>Augusta, Maine  04333-0006 |

| Date of Entry | |
|---|---|
| 9/3/04 | Appeal with attached exhibits A & B, filed. |
| 12/23/04 | Certified record, filed. s/McNiff, AAG |
| 12/23/04 | Notice of briefing schedule mailed to attys. |
| 2/1/05 | Appellant's Brief, filed. s/Williams, Esq.<br>Certificate of Service, filed. s/Danforth, Legal Asst. |
| 3/4/05 | Brief in Opposition to Petition for Review, filed. s/McNiff, AAG |
| 4/5/05 | Hearing had with Hon. Justice Donald Marden, presiding.<br>Bruce Williams, Esq. for the Plaintiff and Ruth McNiff, Esq. for the Defendant.<br>Oral arguments made to the court. Court to take matter under advisement. |
| 4/6/05 | DECISION AND ORDER, MARDEN, J.<br>Decision and Order of the Maine State Board of Licensure in Medicine dated July 13, 2004, IN RE:  Licensure Disciplinary Action, Martyn A. Vickers, Jr., M.D. is AFFIRMED.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrect Library and Goss.<br><br>Notice of removal of record mailed. |