ЭF MAINE
.δERLAND, ss.

STATE OF MAINE
CUMBERLAND. SS
CLERK'S OFFICE

2007 FEB 26  A 8: 10

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-05-098

CARMINE J. FAZZI, SR.,

    Petitioner,

v.

MAINE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

    Respondent.

**DECISION AND JUDGMENT**
**(M.R.Civ.P. 80C)**

## I. PROCEDURAL HISTORY AND BACKGROUND

The appellant Carmine J. Fazzi Sr. filed an appeal from an administrative hearing officer's decision, affirming the Department of Health and Human Service's ("Department") decision to seek a revocation of the appellant's driver's license. After the record was filed, the appellant filed motions to subpoena records and extend time. The Department filed opposed the motion but the court allowed the extra time as requested by the appellant. The appellant replied and also motioned for the taking of additional evidence on February 9, 2006. The court later denied the motion to subpoena records and the motion to take additional evidence.

## II. DISCUSSION

The court reviews an appeal pursuant to M.R. Civ. P. 80C for abuse of discretion, errors of law or findings not supported by the evidence. *Centamore v. Dep't Human Services*, 664 A.2d 369, 370 (Me. 1995). The court may reverse or modify an administrative decision only if the findings or conclusions are unlawful, ultra vires,

procedurally deficient, biased, unsupported by substantial evidence on the whole record, or arbitrary and capricious. 5 M.R.S.A. § 11007(4)(C)(5). The court may only review issues that were raised in the administrative hearing. 19-A M.R.S.A. 2202(5) (2005). Judicial review is generally confined to the record upon which the agency's decision was based. 5 M.R.S.A. 11006(1) (2005)

As previously stated in this court's order on the motion regarding the subpoena, the scope of the appeal is limited to issues raised at the administrative hearing and this court will only consider the record upon which the hearing officer relied in reaching a decision.[1] The appellant's counsel stipulated to the fact that there is a support obligation. R. At B-8, ll. 2-3 & R. at B-9, ll. 7-8. The only evidence that the appellant presented at the hearing was evidence in the form of testimony from the appellant that he suffers from a variety of illnesses and is currently attempting to qualify for Social Security and Disability payments. R. at B-10, ll. 12-20. The appellant also offered evidence that he currently has no income. R. at B-10, ll. 21-22 & B-13 ll. 9-16.

For the purposes of this appeal, the only question before the court is whether the hearings officer abused her discretion by finding that the appellant is required to make payments in light of the evidence he presented at that hearing that he was currently disabled and had no income. The appellant did not present any evidence that he was receiving disability benefits at the time of the hearing. The hearings officer found that the appellant's lack of income and his disability does not excuse his failure to make child support payments as ordered by the District Court. R. at A-3. The hearing officer's decision was based on the evidence presented on the record. The officer made

---

[1] On appeal the appellant raises several issues for the first time. The appellant seeks to challenge the 1996 administrative child support decision and the 1998 district court child support order. He also asserts that the children no longer reside with their mother and that the money he paid to the department is not being used for the benefit of his children.

findings of fact, which demonstrated that the appellant was required to make payments as ordered. The hearing officer did not abuse her discretion nor did she err as a matter of law.

## III. DECISION AND JUDGMENT

The clerk will make the following entry and the Decision and Judgment of the court:

- The decision of the hearings officer is affirmed.

SO ORDERED.

Dated: Feb. 26, 2007

Thomas E. Delahanty II
Justice, Superior Court

Date Filed __12/28/05____ __CUMBERLAND_____ Docket No. __AP-05-98_____
County

Action _80C APPEAL_____

CARMINE J. FAZZI, SR.                    MAINE DEPARTMENT OF HEALTH & HUMAN
                                         SERVICES

                                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PRO SE<br>37 SAWYER STREET, APT. #1<br>PORTLAND, ME 04103<br>899-2765 | CARLOS DIAZ AAG<br><s>6 STATE HOUSE STATION</s> 44 OAK STREET<br><s>AUGUSTA ME 04333</s> 4TH FLOOR<br>PORTLAND ME 0410 |

Date of
Entry