STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-07-15
$S\!\!\!\!\!\!\!\!\!\!\!\!\!\!\!$ ᴋ: ᴎ- 9/19/2007

STEPHEN GRISWOLD,

Petitioner

v.

DECISION ON APPEAL

STATE OF MAINE,
DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

Respondent

DONALD L. GARBRECHT
LAW LIBRARY

JAN 2 4 2008

and

NESTLE WATERS NORTH
AMERICA, d/b/a POLAND
SPRINGS BOTTLING CO.,

Party-in-Interest

This matter comes before the court on appeal pursuant to M.R. Civ. P. 80C from a final decision of the Commissioner of the Department of Health and Human Services ("DHHS") concerning the bulk transport of water. This matter was previously before the court on Rule 80C appeal under Kennebec Docket No. AP-06-03. As the result of the court's previous analysis, the matter was remanded to DHHS "for further proceedings, findings of fact or conclusions of law as necessary consistent with [the] opinion." The court finds no findings of fact by the agency which are unsupported in the record, no error of law and no abuse of discretion. Therefore, the agency decision will be affirmed.

## Background

The background for this appeal was set forth in this court's decision on appeal in the previous docket number (Kennebec AP-06-03), which is incorporated herein. As stated, this court remanded the matter to DHHS after the previous appeal for

clarification in light of the use of terminology which left the basis for the agency decision unclear. On remand, DHHS invited proposed findings of fact from the parties, and then issued a new decision which essentially amended the previous one to substitute more specific terminology for the previous ambiguous phrasing. There was no other substantive change to the agency's decision, and Mr. Griswold again appeals.

One additional note is that while this appeal was pending, a parallel appeal was working its way toward the Law Court. As part of its planned water extraction in the town of Denmark, Nestle had to receive approval from the town under the town ordinance and authorization from the Commissioner of DHHS under 22 M.R.S. § 2660-A (subsequently amended) to transport the water. The town ordinance mirrors the State statute. The town of Denmark Board of Selectmen had granted Nestle an extraction permit; that decision had been affirmed on appeal by the Oxford County Superior Court; and the matter was then appealed to the Law Court. On July 24, 2007, after all of the briefs had been filed in the present matter, the Law Court rendered its opinion in *Griswold v. Town of Denmark, et al.*, 2007 ME 93, 927 A.2d 410. The decision is important in the sense that on virtually the same facts, the Law Court affirmed the decision of the Board of Selectmen on two of the issues argued earlier in this case, as will be seen.

## Scope of Review

The defendants argue that all of the issues save one must be decided in their favor as a matter of *res judicata* because these other reasons for the agency's decision were not cited as a basis for the remand. The court does not agree. According to the statute, as the appellant before the agency, Nestle had to prove four separate criteria before the Commissioner could authorize the transport of water for commercial

purposes. 22 M.R.S. § 2660-A(3).[1] Since the decision of the Commissioner was not clear as to the basis for her findings with regard to the third or "substantial hardship" criteria, the decision had to be remanded. This court intentionally left the mandate on remand sufficiently broad that the Commissioner could have reconsidered any of her findings with regard to any of the criteria. The lack of mention of the other criteria in the court's earlier decision does not indicate acceptance of the defendants' arguments on those issues. The Commissioner could consider all of the issues on remand, so long as that reexamination was consistent with the previous holding of the Law Court in *Centamore v. Dep't of Human Services*, 664 A.2d 369 (Me. 1995). Therefore, it is appropriate for Griswold to argue these other issues before the Commissioner and now on appeal.

## Merits

The recent decision by the Law Court in the appeal of the town of Denmark Board of Selectmen's decision cited above is not *stare decisis* with regard to the issues presented in the present appeal, though the facts and issues are virtually the same. Nevertheless, the Law Court did use a very differential standard with regard to the Selectmen's decision on two issues, and it is anticipated that the court would apply a similarly differential standard with regard to the decisions of the Commissioner. Therefore, based on the rationale set forth in *Griswold v. Town of Denmark, supra,* this court concludes that the Commissioner's findings of "substantial hardship" and "natural

---

[1] "3. Appeal. The Commissioner, after consultation with the Public Utilities Commission, the Department of Environmental Protection and the State Geologist, may authorize transport of water for commercial purposes if the Commissioner finds that:

    A.    Transport of the water will not constitute a threat to public health, safety or welfare;

    B.    Water is not available naturally in the location to which it will be transported;

    C.    Failure to authorize transport of the water would create a substantial hardship to the potential recipient of the water; and

    D.    For a source not otherwise permitted by the Department of Environmental Protection, the water withdrawal will not adversely affect existing uses of ground water or surface water resources, including private wells."

unavailability" are supported by some evidence of record and do not constitute a mistake of law or abuse of discretion.

The only remaining issue is a so-called "environmental impact" issue, as reflected in 22 M.R.S. § 2660-A(3)(D). In this regard, the Commissioner consulted with each of the agencies set forth in the statute and particularly with representatives of the Department of Environmental Protection and the State Geologist. The Commissioner also had the hydrogeologic report of Woodard & Curran regarding impact on surrounding waters and wells. The plaintiff questions the methodology of the study and suggests other areas of concern, but cannot deny that there was some evidence in the record supporting the Commissioner on this point.

The defendants also raise a constitutional challenge to the statute, at least as applied. However, since the court is affirming the agency's decision which finds in the defendants' favor, this constitutional issue is not reached.

Since the Commissioner's findings appear to be supported by some evidence of record, contain no error of law and represent no abuse of discretion, the entry will be:

The decision of the Department of Health and Human Services is
AFFIRMED.

Dated: September __19__, 2007

S. Kirk Studstrup
Justice, Superior Court

| Date Filed | 01/31/07 | Kennebec County | Docket No. | AP-07-15 |

Action  Petition For Review
80C

J. MARDEN

| Stephen Griswold | State of Maine DHHS and Poland Spring Bottling Company |

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Scott D. Anderson, Esq. Juliet T. Browne, Esq. Verrill Dana PO Box 586, One Portland Square Portland, ME 04112-0586 | Joanna Brown Tourangeau, Esq. (Nestle Watei Catherine R. Connors, Esq. Philip F.W.Ahrens, Esq. One Monument Square Portland, Maine 04101-1110 |

N. Paul Gauvreau, AAG (DHHS)
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006

| Date of Entry | |
|---|---|
| 1/31/07 | Complaint, filed. s/Anderson, Esq. |
| 2/9/07 | Notice of Appearance, filed. s/Tourangeau, Esq. |
| 2/22/07 | Notice of Appearance, filed. s/Gauvreau, AAG |
| 2/22/07 | Acceptance of Service of Process, filed. S/Gauvreau, AAG |
| 3/19/07 | Agency Record, filed. s/Gauvreau, AAG **(in vault)** |
| 3/20/07 | Notice of briefing schedule mailed to attys of record. |
| 4/30/07 | Plaintiff's Rule 80C Brief, filed. s/Anderson, Esq. |
| 5/30/07 | Poland Spring's Rule 80C Brief, filed. s/Connors, Esq. |
| 5/30/07 | Respondent's Brief, filed. s/Gauvreau, AAG |
| 6/15/07 | Plaintiff's Reply Brief, filed. s/Anderson, Esq. |
| 7/3/07 | Letter regarding legislation, filed 7/2/07, with attachment. s/Connors,Esq. |
| 7/10/07 | Letter in response to Attorney Connors' letter regarding legislation. s/Anderson, Esq. |
| | Notice of setting for 8/7/07 sent to attorneys of record. |
| 7/26/07 | Copy of Law Court decision in Stephen Griswold v. Town of Denmark, et al, filed 7/25/07. |

| Date of Entry | Docket No. _____ |
|---|---|

7/26/07x     7/24/07xx Sworn Affidavit of Witness for Plt for Motion to Amend xxxxx xxxxxxxxx Injunction Debra A. Windyle filed by P. Windyle xxxxxxxxxx xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx xxxxxxxxxx Sworn Affidavit of Witness for Plt for Motion to Amend xxx xxxxxxxxxx Injunction Michael J. Windyle filed by P. Windyle xxxxxxxxxxxxxxx xxxxxxxxxx Ex Parte Motion to Amend Preliminary Injunction and Attached xxx xxxxxxxxxx affidavits of Witnesses filed by P.Windyle xxxxxxxxxxxxxxxxxxxxxxxx xxxxxxxxxx Plt for addition Photo 1,2,3,4 filed by P.Windyle xxxxxxxxxxxxxxxxxx

8/7/07     Oral arguments held with the Hon. Justice Kirk Studstup, presiding. No Courtroom Clerk.

9/19/07     DECISION ON APPEAL, Studstrup, J.
The decision of the Department of Health and Human Services is AFFIRMED.
Copies to attys. of record.
Copies mailed to Garbrecht Law Library, Donald Goss and Deborah Fireston

Notice of removal of record mailed to atty. of record.