STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-07-27
JMJ - KEN-4/8/2006

SUSAN A. THOMAS

Petitioner

v.

MAINE STATE RETIREMENT
SYSTEM,

Respondent

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

This case is in front of the court on petitioner's M.R. Civ. P. 80C petition for judicial review of the final agency action of Maine State Retirement System Board of Trustees (MSRS) affirming the decision of the Executive Director denying petitioner's application for disability retirement benefits.

**Facts:**

Petitioner began working as a clerk typist for the Maine Department of Defense on December 31, 2002. She applied for disability retirement benefits on May 6, 2005 due to fibromyalgia. Subsequently she amended her application to add the conditions of severe pain, fatigue, numbness and memory loss. On September 26, 2005, the Executive Director of MSRS denied the application on the ground that petitioner's fibromyalgia did not make it impossible for her to perform the duties of her employment position. In December of 2005, petitioner filed an addendum to her application adding the conditions of depression, anxiety, pain and numbness. After reviewing the new conditions and additional medical evidence, the Executive Director determined that petitioner's fibromyalgia "pre-existed her membership in the MSRS, that she had fewer than five continuous creditable years of service and that she has not shown that there had been a substantial aggravation of her incapacity caused by an accident or injury

received in the line of duty from events or circumstances not usually encountered within the scope of her employment." The Executive Director also concluded that information did not support a finding of additional conditions and denied the application.

Petitioner appealed the decision to the Board of Trustees of MSRS, they upheld the decision of the Executive Director by decision on February 13, 2007 after a hearing on June 30, 3006.

## Standard of Review:

Pursuant to M.R. Civ.P. 80C, this Court reviews an agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Board of Exam'r of Psychologists*, 2000 ME 206 ¶9, 762 A.2d 551, 555 (Me. 2000) (citing *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶6, 703 A.2d 1258, 1261 (Me. 1997)). In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus on appeal is not whether the Court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *CWCO, Inc.*, 1997 ME 226, 703 A.2d 1258, 1261. "Inconsistent evidence will not render an agency decision unsupported." *Seider*, 762 A.2d 551 (citations omitted). The burden of proof rests with

the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. *Id.* "[Petitioner] must prove that no competent evidence supports the Board's decision and that the record compels a contrary conclusion." *Bischoff v. Board of Trustees*, 661 A.2d 167, 170 (Me. 1995). Factual determinations must be sustained unless shown to be clearly erroneous. *Imagineering*, 593 A.2d at 1053 (noting that the Court recognizes no distinction between the clearly erroneous and substantial evidence in the record standards of review for factual determinations made by administrative agencies).

## Discussion:

Petitioner argues that MSRS' decision was based on the existence of fibromyalgia prior to September 2001.[1] She argues that MSRS' only basis for finding that she had fibromyalgia prior to September 2001 is the opinion of the medical board. Accordingly petitioner argues that the determination of the hearing officer that she was not entitled to cross-examine the Medical Board violated the Maine APA and her due process rights. Additionally she argues that MSRS' decision is not supported by substantial evidence.

1. Cross-Examination of the Medical Board

Petitioner cites 5 M.R.S.A. § 9057:

**4. Prefiling Testimony.** Subject to these requirements, an agency may, for the purposes of expediting adjudicatory proceedings, require procedures for the prefiling of all or part of the testimony of any witness in written form. Every such witness shall be subject to oral cross-examination.

---

[1] This is important because "An MSRS member with fewer than 5 years of continuous creditable service immediately preceding that member's application for a disability retirement benefit is not eligible for that benefit if the disability is the result of a physical or mental condition which existed before the member's membership in the retirement system." 5 M.R.S.A. § 17924(2).

Petitioner argues that this provision requires that she have the opportunity to cross-examine the medical board especially in light of the Board's change of opinion as to the timing of her fibromyalgia diagnosis.

Respondent argues that 5 M.R.S.A. §9057(4) applies only to witnesses and that the Medical Board's role is as an advisor to MSRS, thus its memorandum provided to MSRS is provided in this advisory capacity and is not pre-filed "testimony." This view is greatly substantiated by the statutory scheme establishing the Medical Board. 5 M.R.S.A. § 17106(1) requires that the board of trustees of MSRS "designate a medical board or boards each to be composed of physicians not eligible to participate in the retirement system." Under powers and duties, 5 M.R.S.A. § 17106(3)(D) provides:

> The medical board or other physician designated by the board shall, at the request of the executive director, review the file of an applicant for disability retirement and as requested shall respond on any or all of the following...
> D. Inform the executive director and board in writing of its view as to the existence of a disability enlisting an applicant to benefits...

The statute establishes the Medical Board not as a third party witness to provide expert testimony at a hearing, rather it is a wing of MSRS that provides its report and information directly to the Executive Director and Board of Trustees.

2. Substantial Evidence in Support of MSRS Decision

The court must give great deference to the factual determinations of the agency. The essential question is whether petitioner's fibromyalgia predated her employment in September 2001. While petitioner is correct that there was no diagnosis of fibromyalgia prior to her 2001 employment, there is copious evidence to indicate that she had the condition prior to 2001. The medical board's February 2, 2006 memorandum (R. at 20.5) assembles a multitude of pain-creating conditions of the petitioner prior to her 2001 employment to describe the condition ultimately diagnosed as fibromyalgia.

The entry is:

     The petition is DENIED and the decision of the Maine State Retirement System is AFFIRMED.


April 8, 2008

Justice Joseph Jabar

Date Filed __3/19/07__ _____Kennebec_____ Docket No. __AP07-27__
County

Action __Petition for Review__
80C

**J. JABAR**

_____Susan A. Thomas_____ VS. _____Maine State Retirement System_____

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Charles R. Priest, Esq.<br>PO Box 5140<br>31 Grove Street<br>Augusta Maine 04332 | James M. Bowie, AAG<br>6 State House Station<br>Augusta, ME 04333-0006<br>Christopher L. Mann, AAG |

| Date of Entry | |
|---|---|
| 3/19/07 | Petition for Review of Final Agency Action, filed. s/Priest, Esq. |
| 3/26/07 | Letter entering appearance, filed. s/Bowie, AAG **( on shelf)** |
| 4/17/07 | Administrative Record, filed. Gail Wright, Executive Director **(in vault)** |
| 4/18/07 | Notice of briefing schedule mailed to attys of record. |
| 5/24/07 | Brief For Appellant, Susan A. Thomas, filed. s/Priest, Esq. |
| 6/1/07 | Addition to Administrative Record (Deposition Transcript of Hugh T. Corbett), filed. s/Bowie, AAG **(in vault)** |
| 6/27/07 | Respondent's Memorandum Of Law In Opposition To The Petition For Review, filed 6/25/07, with Exhibits A and B. s/Bowie, AAG |
| 7/16/07 | Reply Brief for Appellant, Susan A. Thomas, filed. s/Priest, Esq. |
| 10/30/07 | Letter entering appearance, failed. s/Mann, AAG |
| | Notice of setting for _April 8, 2008_<br>sent to attorneys of record. |
| 4/8/08 | Hearing held with the Hon. Justice Joseph Jabar. Charles Priest, Esq. Petitioner and Christopher Mann, AAG for the Respondent.<br>Oral arguments made to the court. Court to take matter <u>undervisement.</u> |
| 4/9/08 | DECISION AND ORDER, Jabar, J.<br>The petition IS DENIED and the decision of the Maine State Retirement System if AFFIRMED.<br>Copies to attys.of record.<br>Copies to repositories |