STATE OF MAINE

KENNEBEC, ss.

DONALD BEAUCHENE,

        Petitioner

        v.

STATE OF MAINE,
DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

        Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-08-13
JMU - KFN - 7/1 - 0004

DECISION AND ORDER

Before the court is a petition filed by Donald Beauchene asking for review of a decision of the Commissioner of the Department of Health and Human Services (DHHS). DHHS denied the petitioner's grievance that his comprehensive service plan does not address limitations that have been imposed on his liberties as required by the Rights of Recipients of Mental Health Services.

## FACTS

The petitioner was placed in the Riverview Psychiatric Center in Augusta as a result of a jury determination that he was not guilty of murder by reason of mental disease or defect. The petitioner has received authorization from this court for a modified release treatment program that includes off-campus activities. Up until 2004, the petitioner was allowed to leave the grounds of the hospital on a regular basis to visit family members and for other authorized reasons. Since 2004, the Superintendent of the Riverview Psychiatric Center has not allowed the petitioner to leave the grounds of the hospital. This limitation placed on the petitioner is not addressed in his comprehensive plan.

The petitioner filed a grievance alleging that his rights under the Rights of Recipients of Mental Health Services was being violated. An administrative hearing concerning the grievance was held on December 10, 2007. The hearing officer found that the petitioner's rights were violated because his comprehensive service plan failed to address limitations on his liberty imposed by the Superintendent. The final decision of the Commissioner of DHHS rejected the hearing officer's recommendation regarding the limitations placed on the petitioner's liberties. The Commissioner found that the petitioner has no liberty interests to insist that he be allowed to leave the hospital and that the hospital's refusal to allow the petitioner to leave the hospital grounds does not impose any additional limitations on his liberty interests.

Pursuant to M.R. Civ. P. 80C, the petitioner brought a timely petition for review of state agency action to this court on February 6, 2008.

## STANDARD OF REVIEW

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, the agency's decision is reviewed for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Department of Human Services*, 664 A.2d 369, 370 (Me. 1995). In reviewing the decisions of an administrative agency, the court should not attempt to second guess the agencies on matters falling within its realm of expertise and the court's review is limited to determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record. *Imagineering v. Supt. of Insurance*, 593 A.2d 1050, 1053 (Me. 1991).

## DISCUSSION

Any individual committed to custody of the DHHS pursuant to Title 15 M.R.S.A. § 103 may petition the Superior Court for the county in which that person is committed for a release treatment program allowing the individual to be off institutional grounds for up to 14 days. Notwithstanding his rights pursuant to a modified release program, the plaintiff complains that his potential liberty is not discussed in his Comprehensive Service Plan. After reviewing the petitioner's Comprehensive Service Plan, the court finds and concludes that there is substantial evidence indicating that the petitioner's short-term and long-term goals are dealt with, including his successful reintegration into the community at large. The comprehensive service plan is contained in Administrative Hearings Exhibit 6H (Transcript item 6). Although it does not set out a specific timetable, it does refer to the necessity that the petitioner get Superior Court approval of any reentry into the community. This is required by Title 15 M.R.S.A. section 103.

The petitioner has failed to show that the Department of Health and Human Services' decision regarding his grievance should be reversed. The Commissioner did not abuse his discretion, make an error of law, nor make a decision not supported by substantial evidence. The petitioner's appeal is therefore DENIED.

Dated: August 10, 2008

Joseph M. Jabar
Justice, Superior Court

Attorney for Petitioner

Daniel Billings
44 Elm Street
Waterville, ME 04901

4

Attorney for Respondent

Katherine Greason
Assistant Attorney general
6 State House Station
Augusta, ME 04333-0006

Date Filed __2/8/08__ __Kennebec__ Docket No. __AP-08-13__
County

Action __PETITION FOR REVIEW__

# J. JABAR

DONALD BEAUCHENE          vs.   THE STATE OF MAINE DHHS

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Daniel Billing, Esq.<br>PO Box 708<br>Waterville, Maine | Katherine Greason, AAG<br>6 State House Station<br>Augusta, Maine  04333-0006 |

| Date of Entry | |
|---|---|
| 2/21/08 | Petition for review of agency action pursuant to M.R.Civ.P. 80C & 5 M.R.S.A. 1101 et seq filed 2/8/08. s/ Billings, Esq. |
| 2/20/08 | Letter entering appearance, filed. s/Greason, AAG |
| 2/28/08 | Certified Record filed. s/Katherine Greason, AAG. |
| 4/17/08 | Petitioner's Unopposed Motion for Enlargement of Time to File Brief, filed. s/Billings, Esq.  (attached exhibits A,B)<br>Proposed Order, filed.<br>Petitioner's Brief, filed. s/Billings, Esq. |
| 4/23/08 | ORDER, Murphy, J.  (4/22/08)<br>It is hereby ORDERED that the deadline by which the Petitioner must file his brief is extended to April 17, 2008 and the Petitioner's Brief filed on that date shall be deemed a timely filing.<br>Copies mailed to attys. of record. |
| 5/13/08 | Respondent's Brief, filed. s/Greason, AAG |
| 6/16/08 | Petitioner's Reply Brief, filed. s/Billings, Esq. |
| | Notice of setting for __8/5/08__<br>sent to attorneys of record. |
| 7/28/08 | Petitioner's Motion for Writ of Habeas Corpus with Incorporated Memorandum of Law, filed. s/Billings, Esq.<br>Letter from State requesting conference and opposition to request for Writ, filed. s/Greason, AAG. |
| _____ | |
| 8/11/08 | DECISION AND ORDER, Jabar, J. (8/10/08)<br>The petitioner has failed to show that the Department of Health and Human Services' decision regarding his grievance should be reversed. The Commissioner did not abuse his discretion, make an error of law, nor make a decision not supported by substantial evidence. The petitioner's appeal is therefore DENIED.<br>Copies mailed to attys. of record. Copies mailed to repositories. |