STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS. AP-08-71,
08-72, 08-73 & 08-74
JMJ - KEN - 4/24/...

MAINE AUTOMOBILE DEALERS
ASSOCIATION INSURANCE
TRUST, MAINE STATE
CHAMBER OF COMMERCE,
MAINE ASSOCIATION OF HEALTH
PLANS, and ANTHEM HEALTH
PLANS OF MAINE, INC., d/b/a ANTHEM
BLUE CROSS AND BLUE SHIELD,

Petitioners

v.

**DECISION AND ORDER**

SUPERINTENDENT OF INSURANCE
and DIRIGO HEALTH AGENCY,

Respondents

Before the court is consolidated appeal by the Maine Automobile Dealers Association Insurance Trust ("the Trust"), the Maine State Chamber of Commerce ("the Chamber"), Anthem Health Plans of Maine, Inc., ("Anthem"), and the Maine Association of Health Plans ("MAHP"). Petitioners seek judicial review, pursuant to M.R. Civ. P. 80C, of a decision by the Superintendent of Insurance.

Facts

To provide funding to subsidize the Dirigo Health Agencies ("DHA"), the legislature has authorized DHA's Board of Trustees ("Board") to establish annually a savings offset payment to be paid by health insurance carriers, employee benefits excess insurance carriers, and third-party administrators. *See* 24-A M.R.S. § 6913(2). The legislature directs the Board to determine annually the "aggregate measurable cost savings, including any reduction or avoidance of bad debt and charity care costs to

health care providers in this State as a result of the operation of Dirigo Health and any increased MaineCare enrollment due to an expansion in MaineCare eligibility occurring after June 30, 2004." In conjunction with their legislative mandate, the Board held an adjudicatory hearing in July 2008 in which the Trust, the Chambers, Anthem and MAPH intervened. The Board found "aggregate measurable cost savings" ("AMCS") totaling $149.6 million. The Board's determination included savings of $119 million related to expense per case mix adjusted discharge ("ECMAD") and $26.6 related to bad debt and charity care expenses ("BD/CC"), and $6.6 million in medical loss ratio savings ("MLR").

Pursuant to statute, 24-A M.R.S. § 6913(1)(B), the Board filed this determination with the Superintendent of Insurance ("Superintendent"). Following a hearing, the Superintendent issued a decision in two parts: a decision and order dated September 23, 2008, followed by a decision and order part II, decided on September 30, 2008. The Superintendent found the record reasonably supported savings attributable to ECMAD ($40 million), BD/CC ($6.1 million), and MLR ($6.6 million). The Superintendent further found that the BD/CC and MLR savings overlapped by $4 million and deducted that amount to arrive at a final AMCS figure of $48.7 million. From this decision, the petitioners have appealed.

Standard of Review

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, the court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Servs.*, 664 A.2d 369, 370 (Me. 1995).

When reviewing an agency's interpretation of a statute that is both administered by the agency and within the agency's expertise, the first inquiry is whether the statute

is ambiguous or unambiguous. *Competitive Energy Servs., LLC v. Pub. Utils. Comm'n*, 2003 ME 12, ¶ 15, 818 A.2d 1039, 1046. If the statute is unambiguous, it is interpreted according to its plain language. *Arsenault v. Sec'y of State*, 2006 ME 111, ¶ 11, 905 A.2d 285, 288. If, instead, the statute is ambiguous, deference is given to the agency's interpretation if the interpretation is reasonable. *Id.*

Discussion

The Dirigo Health Act, *see* 24-A M.R.S. §§ 6902-6981, sets out the responsibilities for Dirigo Health Agency ("DHA"), its Board of Trustees and the Superintendent of Insurance. The legislature conferred differing responsibilities to the two entities.

Section 6902 of the Act indicates that DHA is an independent executive agency responsible for monitoring and improving the quality of health care in the State. *Id.* § 6902. The legislation gives DHA broad powers and duties to implement these objectives. One of the most important duties is the determination of AMCS. *See id.* §§ 6908(2)(B) & 6913(1)(A).

Following the Board's determination of AMCS and a hearing conducted pursuant to 5 M.R.S. §§ 9501-64, the Board is obligated to file its determination and supporting information to the Superintendent of Insurance. 24 M.R.S. § 6913(1)(B). The Superintendent shall then "issue an order approving, in whole or in part, or disapproving the filing made" by the Board. *Id.* § 6913(1)(C). The statute provides that the "superintendent shall approve the filing upon a determination that the aggregate measurable cost savings filed by the board are reasonably supported by the evidence in the record." *Id.*

The Legislature intentionally required the Board to compute the AMCS rather than the Superintendent of Insurance. The legislature adopted this process over a competing proposal that would have had the Superintendent rather than the Board

determine AMCS. See Comm. Amend. B to L.D. 1577, No. S-360, section A-10 (122nd Legis. 2005).

A central issue in this case is the Superintendent's role in reviewing the Board's submission and determination of AMCS. The attorney for the Superintendent clearly defined the role of the Board in its brief as follows:

> The law grants only the Board the requisite authority for establishing a methodology to determine AMCS, based on its particular expertise. The Board is explicitly required to consist of persons with knowledge and expertise in health care purchasing, health policy, and health care financing issues – precisely so that body will be capable of accurately and appropriately determining aggregate measurable cost savings. *See* 24-A M.R.S. § 6904(2-A). . . . the legislature vested Dirigo [the Board] with the governmental power, authority, knowledge and expertise to determine cost savings to Maine's health care system.

(Resp't Br. at 33-34.)

Conversely, the Superintendent's role, much like an appellate court, is not to perform the work of the Board but to review the Board's determination of AMCS and determine whether the filing is reasonably supported by the evidence in the record. *See* 24 M.R.S. § 6913(1)(C). Acting in this quasi-appellate capacity, the Superintendent is not to substitute its determination for the determination by the Board, nor is the Superintendent empowered to modify the determination by the Board. There may be other ways of determining AMCS, but the question for the Superintendent is whether the Board determination is reasonably supported by the evidence on the record.

The court concludes that the Superintendent exceeded her authority and went beyond the proper function of either approving, in whole or in part, or disapproving the filing made by the Board. As discussed below, the Superintendent's decision repeatedly criticized and found incredible many findings and information submitted by the Board. Furthermore, the Superintendent failed to consider whether the Board used a medical loss ratio that the legislature mandated be used in the process. The

Superintendent avoided the issue by stating it was a matter of law only to be reviewed by the courts.

I. <u>Discredited Report</u>

The Superintendent's decision is replete with disparaging comments regarding the Board report and the Board's expert, the consulting firm of Schramm-Raleigh Health Strategy (srHA). On pages 7 and 8, the Superintendent's decision states:

> The existence of its savings is important, but equally important to the savings determination is the quality of the information placed on the record to support the existence of those savings. Shortcomings in this regard have been consistent characteristics of the cases made in each year's proceedings.

This statement by the Superintendent in its decision significantly discredits the Board's proffered analysis.

On page 10 of the decision, regarding multi-variate regression, the Superintendent states the following:

> The lack of reliable documentation, and the lack of evidence in the record that the analysis was executed in accordance with sound professional principles, makes it inconsistent with the Superintendent's guidance and does not provide the same degree of benefit as an analysis supported by documentation demonstrating that sound methods and reasoning were employed.

Later on page 10, the decision continues: "As in prior years, however, there are deficiencies in the completeness and clarity of the records before us. . . . the record by DHA (Board) could have and should have been more complete."

The Superintendent's decision continues with statements describing the inadequacy of the Board's filing. On page 11:

> However, it is not only the information provided by DHA that has been found incomplete and lacking in transparency. . . . In short, both DHA and the payor intervenors have omitted important information and introduced extraneous and misleading information, the net effect of which is to make more difficult the already difficult task of determining AMCS related to the hospital saving initiative.

On page 12: "This flaw raises serious questions about the credibility of the entire analysis." Again, on page 14: "The significant data quality concerns discussed earlier further reduce the usefulness of any estimate generated by the srHS model." Further, on pages 21 and 22: "It is clear, however, that the results are sensitive to data quality and that the on record does not contain evidence necessary to resolve the data quality issue definitively."

And again, on page 23:

> However, srHS estimate also has little persuasive power, even after the best efforts made to correct for its deficiencies. The srHS estimates and the Burke estimate, notwithstanding their deficiencies, are the only measurements of aggregate hospital cost savings in the record.

These findings make clear that the Superintendent did not find the information, data, and conclusions submitted on behalf of the Board to be reliable. Based upon the record and these findings by the Superintendent, this court finds that the AMCS filed by the Board were not reasonably supported by the evidence on the record.

Superintendent's Methodology

It is clear that the Superintendent attempted to resolve the issue before her, despite the unreliable data submitted. The Superintendent undertook to fashion her own determination of AMCS, a role that exceeded her authority. In undertaking this task, the Superintendent engaged in functions requiring the specific expertise that the legislature conferred on the Board. In the Superintendent's brief it conceded that it "cannot do that which is the province of Dirigo (and visa versa)." *See Valente v. Bd. of Envtl. Prot.*, 461 A.2d 716, 718 (Me. 1989) (agencies can only exercise those powers expressly conferred or arising from necessary implication). On page 11 of the Superintendent's decision, the Superintendent made it clear that the Board and the

intervenors did not provide sufficient information, and actually provided extraneous and misleading information, making the task of determining AMCS that much more difficult. The Superintendent then attempted to engineer her own determination of AMCS. The Superintendent attempted to justify her action as an acceptance *in part* of the Board's submission. *See* 24-A M.R.S. § 6913(1)(C). However, it is clear that the Superintendent undertook her own methodology and analysis.

On page 13 of the decision, the Superintendent commented on the inadequacy of the information in the record regarding "regression analysis," stating:

> [T]he Superintendent and her consultant as part of the review of the record have examined the data on the record to arrive at independent judgment about the severity and impact of these issues.

On page 15, the Superintendent's decision discusses how the Superintendent's consultant used the data on record, investigated the potential impact of the issues and adjusted the econometric modeling approach in several ways. Throughout, the decision explains how the Superintendent and its consultant "tested," "analyzed," and "approached," the issue. The decision went so far as to characterize the work as "our analysis," "our methodology," "our model," and "our calculations." For example, on page 16 of the decision, the Superintendent states: "In our analysis, we computed estimated net effects of Dirigo under a range of alternative assumptions involving data quality, based on issues identified in the data quality discussion above."

After continually finding that the Board's submission lacked reliable data, the Superintendent performed its own analysis and fashioned a compromise between the Board's submission based on srHS model, and the Burke model submitted by the intervenors. The Superintendent found it reasonable to consider the Burke model as a lower bound and the best refinement of the srHS model as an upper bound. Instead of simply splitting the difference, the Superintendent gave two-thirds weight to the Burke

model and one-third weight to the srHS model. The Superintendent then rounded the weighted average down to the nearest $10 million. To justify this approach, the Superintendent in her decision on page 23 explained:

> [G]reater weight given to the lower estimate can be corroborated by anecdotal evidence, and the persuasive power of anecdotal evidence is not insignificant in light of the low statistical credibility and limited explanatory power of the projections from the models presented by the parties.

The Superintendent went on to say that the most that could be said about the submission by the Board and the Burke model submitted by the intervenors is that it was not inconsistent with a $40 million projection made by a member of a senior management at Maine's largest hospital group. This is not a determination of AMCS by the Board that is reasonably supported by evidence in the record. This approach by the Superintendent to come up with its own determination of AMCS is not within its mandate. The Superintendent has the authority to disapprove the submission and remand the matter back to the Board, upon which has the legislatively conferred the responsibility for determining AMCS. The Superintendent attempts to justify her action as an acceptance in part of the Board's submission because it is less than the amount submitted by the Board. However, the Superintendent did not accept the Board's finding in part; it fashioned its own determination of AMCS.

Furthermore, the Superintendent is not in the same position as the Superintendent in *Maine AFL-CIO v. Superintendent of Insurance*, 595 A.2d 424 (Me. 1991), relied on by the respondents. In that case, the Superintendent was acting as a ratemaker in a ratemaking proceeding. *Id.* at 429-30 (explaining that Superintendent's role, pursuant to 24-A M.R.S.A. § 2363(7), was "to establish rates"). The Superintendent held hearings, heard evidence, made findings of fact and concluded the process by setting insurance rates. *Id.* Conversely, in this case, the Superintendent is acting in a

quasi-appellate capacity, reviewing a submission by another agency to determine whether the Board's determination is reasonably supported by evidence in the record.

## II. CMAD Methodology

Another issue raised by the intervenors is that the srHS model did not use the CMAD formula found in chapter 394(4)(B). *See* P.L. 2005, ch. 394, § 4(1). The Superintendent avoided this issue, indicating that it was not a legal tribunal with the authority to review the Board's interpretation of law. However, the Superintendent must consider whether a proper methodology was used by the Board in submitting its determination of AMCS. The Superintendent argues that in its brief that one of its functions is not to review the methodology used by the Board. (Resp't Br. at 29.) This is wrong. In order to evaluate whether the Board's determination is reasonably supported by the evidence, the Superintendent must review the methodology used by the Board. In this case, the Superintendent certainly reviewed the methodology used by the Board and found it wanting in many respects. The Superintendent should have considered whether or not the Board properly followed the mandate of the legislature in determining CMAD.

## Conclusion

It is apparent that the Superintendent was confronted with an impossible task. The Superintendent attempted to work with the inadequate information that she was provided to fashion a determination of AMCS. Instead of determining whether the AMCS filing submitted by the Board was reasonably supported by the evidence on the record, the Superintendent fashioned what she considered to be a reasonable alternative to the Board's AMCS determination. It is clear from the language contained within the decision that the Superintendent was not satisfied with the information submitted by

the Board and did not accept the findings by the Board. The Superintendent, her staff, and her consultant used their "analysis," "approach," and "judgment" to fashion their own AMCS determination. The legislature endowed the Board with the expertise, the responsibility, and the duty to determine AMCS.

For these reasons, the court GRANTS the M.R. Civ. P. 80C appeal filed by the petitioners in this case and REMANDS this case to the Superintendent with the order that it disapprove the AMCS determination submitted by the Board because it was not reasonably supported by the evidence. Furthermore, the court ORDERS that the Superintendent remand the matter back to the Board for purposes of determining an AMCS consistent with the law and this decision.

Dated: 5/31/09

Joseph M. Jabar
Justice, Superior Court

Date Filed __10/22/08__    Kennebec_____    Docket No. __AP-08-71__
                              County

Action __Petition For Review__
                   80C

## J. JABAR

Maine Automobile Dealers Association          Superintendent of Insurance
Insurance Trust                               Dirigo Health Agency
                                        vs.

| Plaintiff's Attorney | Defendant's Attorney Thomas Sturtevant, Jr., AAG |
|---|---|
| Bruce C. Gerrity, Esq. <br> Roy R. Pierce, Esq. <br> PO Box 1058 <br> Aubusta, ME 04332-1058 | William Laubenstein, III, AAG <br> Michael Colleran, AAG <br> 6 State House Station <br> Augusta Maine 04333-0006 <br> – Christopher Roach, Esq. (Anthem BCBS) <br> Katherine Rand, Esq. <br> One Monument Square <br> Portland Maine 04101 |

| Date of Entry | – D. Michael Frink, Esq. (ME Assn.) <br> One Canal Plaza Suite 1000 <br> P.O. Box 7320 Portland ME. 04112 |

| Date of Entry | |
|---|---|
| 10/22/08 | Petition For Review Of Final Agency Action With Independent Claims For Relief, filed 10/22/08. s/Gerrity, Esq. |
| 10/31/08 | Petitioner's Motion to Specify the Future Course of Proceedings, filed. s/Pierce, Esq. <br> Proposed Order, filed. |
| 11/7/08 | Entry of Appearance, filed. s/Laubenstein, III, AAG |
| 11/12/08 | Appearance and Statement of Position, filed. s/Rand, Esq. <br><br> Entry of Appearance and Statement of Position of Party-in-Interest Maine Association of Health Plans, filed. s/Frink, Esq. |
| 12/03/08 | Unopposed Motion for Consolidation, filed. s/Sturtevant, AAG (11/20/08) <br> Proposed Order, filed. |
| 12/9/08 | ORDER SPECIFYING FUTURE COURSE, Jabar, J. <br> The Clerk shall incorporate this Order on the docket by reference pursuant to M.R.Civ.P. 79(a). (12/2/08) <br> Copies mailed to attys. of record. <br><br> ORDER, Jabar, J. (12/4/08) <br> Motion for Consolidation is GRANTED. <br> Copies mailed to attys. of record. |
| 12/11/08 | Certification of Record, filed. s/Sturtevant, AAG <br> **NOTICE AND BRIEFING SCHEDULE ISSUED** <br> Copies mailed to attys. of record. |
| 1/20/09 | Plaintiff/Petitioner Maine State Chamber of Commerce's Brief, filed. s/Stiles, Esq. <br><br> Rule 80C Brief of the Maine Automobile Dealers Association Insurance Trust, filed. s/Gerrity, Esq. <br><br> Plaintiff/Petitioner Anthem Health Plans of Maine, Inc.'s Brief in Support of Petition for Review of Final Agency Action, filed. s/Roach, Esq. <br><br> Brief of Maine Association of Health Plans, filed. s/Frink, Esq. |

| Date of Entry | Docket No. _____ |
|---|---|
| 2/4/09 | Unopposed Motion for Enlargment of Time to File Brief, filed. s/ Laubenstein, AAG |
| 2/11/09 | ORDER, Jabar, J.<br>The motion of the Dirigo Health Agency for an enlargement of time to to file a brief is hereby granted. The briefs of Respondents, Dirigo Health Agency and Superintendent of Insurance, shall be filed on or before March 6, 2009<br>Copies mailed to attys. of record. |
| 3/6/09 | Brief of Respondent-Defendant Superintendent of Insurance, filed. s/Sturtevant, Jr., AAG<br>Brief of Respondent Dirogo Health Agency, filed. s/Laubenstein, AAG |
| 3/11/09 | Errata Filing of the Superintendent of Insurance, filed. s/Sturtevant, AAG |
| 3/20/09 | Reply Brief of Maine Association of Health Plans in Support of Petition for Review of Final Agency Action, filed. s/Frink, Esq. |
| ------ | Plaintiff/Petitioner Maine State of Chamber of Commerce's Reply Brief in Support of Petition for Review of Final Agency, filed. s/Frink, Esq. |
| ------- | Reply Brief of the Maine Automobile Dealers Association Insurance Trust, s/Gerrity, Esq. |
| -------- | Plaintiff/Petitioner Anthem Health Plans of Maine, Inc.'s Reply Brief, s/Roach, Esq. |

Notice of setting for ___ 5/11/09 @ 9:00 a.m.

sent to attorneys of record.

| | |
|---|---|
| 5/11/09 | Hearing held with Hon. Justice Joseph Jabar, presiding. Tape 1097,1098 Index 2189-7220, 50-90<br>Attys. of record present. Oral arguments made to the court. Court to take matter under advisement. |
| 6/3/09 | Proposed Decision and Order, filed.<br><br>Proposed Order, filed.<br><br>Proposed Decision and Order, filed.<br><br>Proposed Decision and Order, filed.<br><br>Proposed Decision and Order, filed. |
| 8/31/09 | DECISION AND ORDER, Jabar, J.<br>For these reasons, the court GRANTS the M.R.Civ.P. 80C appeal filed by the petitioners in this case and REMANDS this case to the Superintendent with the order that it disapprove the AMCS determination submitted by the Board because it was not reasonably supported by the evidence. Furthermore, the court ORDERS that the Superintendent remand the matter back to the Board of purposes of determining an AMCS consistent with the law and this decision.<br>Copies mailed to attys. of record.<br>Copies to repositories. |

| Date Filed | 10/22/08 | Kennebec | Docket No. | AP-08-72 |
|---|---|---|---|---|

County

Action __Petition For Review__
80C

(ME. Assn.)

- D. Michael Frink, Esq.
One Canal Plaza, Ste. 1000
P.O. Box 7320
Portland Maine  04112-7320

**J. JABAR**

Maine State Chamber of Commerce

vs.

Superintendent of Insurance
Dirigo Health Agency

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| William H. Stiles, Esq.<br>One Portland Square<br>Portland, ME  04112-9586 | Thomas Sturtevant, AAG<br>William Laubenstein, III, AAG<br>Michael Colleran, AAG<br>6 State House Station<br>Augusta Maine  04333-0006<br>- Christopher Roach, Esq.  (Anthem)<br>Katherine Rand, Esq.<br>One Monument Square<br>Portland Maine  04101 |

| Date of Entry | |
|---|---|
| 10/24/08 | Petition For Review Of Final Agency Action With Independent Claims For Relief, filed 10/22/08.  s/Stiles, Esq. |
| 10/31/08 | Plaintiff's Motion to Specify Future Course of Proceedings,with Incorporated Memorandum of Law and Proposed Order, filed. s/Stiles, Esq. |
| 11/7/08 | Entry of Appearance, filed. s/Laubenstein, AAG |
| ------- | Return Receipt made upon Michael Colleran, AAG on 10/22/08, filed.<br>Return Receipt made upon Christopher Roach, Esq. on 10/23/08, filed.<br>Return Receipt made upon Joseph Ditre, Esq. on 10/24/08, filed.<br>Return Receipt made upon D. Michael Frink, Esq. on 10/24/08, filed.<br>Return Receipt made upon Karynlee Harrington on 10/22/08, filed.<br>Return Receipt made upon Roy Pierce, Esq. on 10/23/08, filed.<br>Return Receipt made upon Steven Rowe, AAG on 10/22/08, filed.<br>Return Receipt made upon Thomas Sturtevant, Jr., Esq. on 10/22/08, filed. |
| 11/12/08 | Appearance and Statement of Position, filed. s/Rand, Esq. |
| | Entry of Appearance and Statement Position of Party-in-Interest Maine Association of Health Plans, filed. s/Frink, Esq. |
| 12/3/08 | Unopposed Motion for Consolidation, filed. s/Sturtevant, AAG (11/20/08) Proposed Order., filed. |
| 12/8/08 | ORDER SPECIFYING FUTURE COURSE, Jabar, J. (12/2/08)<br>The Clerk shall incorporate this Order on the docket by reference.<br>Copies mailed to attys. of record. |
| | ORDER, Jabar, J. (12/4/08)<br>Motion for Consolidation is GRANTED.<br>Copies mailed to attys. of record. |
| 12/11/08 | Certification of Record, filed. s/Sturtevant, AAG<br>**NOTICE AND BRIEFING SCHEDULE ISSUED**<br>Copies mailed to attys. of record. |

| Date of Entry | Docket No. _____ |
|---|---|

**1/20/09** — Plaintiff/Petitioner Maine State Chamber of Commerce's Brief, filed. s/Stiles, Esq.
Rule 80C Brief of the Maine Automobile Dealers Association Insurance Trust, filed. s/Gerrity, Esq.
Plaintiff/Petitioner Anthem Health Plans of Maine, Inc.'s Brief in Support of Petition for Review of Final Agency Action, filed. s/Roach, Esq.
Brief of Maine Association of Health Plans, filed. s/Frink, Esq.

**2/4/09** — Unopposed Motion for Enlargment of Time to File Brief, filed. s/Laubenstein

**2/11/09** — ORDER, Jabar, J.
The motion of the Dirigo Health Agency for an enlargment of time to file a brief is hereby granted. The briefs of Respondents, Dirigo Health Agency and Superintendent of Insurance, shall be filed on or before March 6, 2009.
Copies mailed to attys. of record.

**3/6/09** — Brief of Respondent-Defendant Superintendent of Insurance, filed. s/Sturtevant, Jr., AAG
Brief of Respondent Dirigo Health Agency, filed. s/Laubenstein, AAG

**3/11/09** — Errata Filing of the Superintendent of Insurance, filed. s/Sturtevant, AAG

**3/20/09** — Reply Brief of Maine Assocation of Health Plans in Support of Petition for Review of Final Agency Action, filed. s/Frink, Esq.

——————— Plaintiff/Petitioner Maine State Chamber of Commerce's Reply Brief in Support of Petition for Review of Final Agency Action, filed. s/Frink, Esq.

——————— Reply Brief of the Maine Automobile Dealers Association Insurance Trust, filed. s/Gerrity, Esq.

Plaintiff/Petitioner Anthem Health Plans of Maine, Inc.'s Reply Brief, filed. s/Roach, Esq.

Notice of setting for _5/11/09 @ 9:00 a.m._

sent to attorneys of record.

**5/11/09** — Hearing held with Hon. Justice Joseph Jabar, presiding. Tape 1097,1098 Index 2189-7220,50-90
Attys. of record present. Oral arguments made to the court. Court to matter under advisement.

**6/3/09** — Proposed Decision and Order, filed.

Proposed Order, filed.

Proposed Decision and Order, filed.

Proposed Decision and Order, filed.

Proposed Decision and Order, filed.

**8/31/09** — DECISION AND ORDER, Jabar, J.
For these reasons, the court GRANTS the M.R.Civ.P. 80C appeal filed. by the petitioners in this case and REMANDS this case to the Superintendent with the order that it disapprove the AMCS determination submitted by the Board because it was not reasonable supported by the evidence. Furthermore, the court ORDERS that the Superintendent remand the matter back to the Board of purposes of determining an AMCS

| Date of Entry | |
|---|---|
| | AP08-72 |
| | Maine State Chamber of Commerce vs. Superintendent of Ins., et al |

------    consistent with the law and this decision.
Copies mailed to attys. of record
Copies to repositories.

Date Filed __10/22/08__  __Kennebec__  Docket No. ____AP-08-73____

County

Action ____Petition For Review____

80C

# J. JABAR

| | | |
|---|---|---|
| Maine Association of Health Plans | vs. | Superintendent, Bureau of Insurance<br>Dirigo Health Agency |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| D. Michael Frink, Esq.<br>PO Box 7320<br>Portland, ME  04112-7320 | Thomas Sturtevant, AAG<br>William Laubenstein, III, AAG<br>Michael Colleran, AAG<br>6 State House Station<br>Augusta Maine  04333-0006<br>— Christopher Roach, Esq.    (Anthem)<br>Katharine Rand, Esq.<br>One Monument Square<br>Portland Maine  04101 |

| Date of Entry | |
|---|---|
| 10/22/08 | Petition For Review Of Final Agency Action and Independent Constitutional Claims For Relief From Governmental Action, Declaratory Relief Requested, filed 10/22/08.  s/Frink, Esq. |
| 11/04/08 | Filed 10/31/08:  Motion to Specify Future Course of Proceedings with incorporated Memorandum of Law and proposed Order filed by Atty. Frink. |
| 11/7/08 | Amended Proposed Order, filed.<br><br>Entry of Appearance, filed. s/Laubenstein, III, AAG |
| 11/12/08 | Appearance and Statement of Position, filed. s/Rand, Esq. |
| 12/3/08 | Unopposed Motion for Consolidation, filed. s/Sturtevant, AAG   (11/20/08)<br>Proposed Order, filed. |
| 12/9/08 | ORDER, Jabar, J. (12/8/08)<br>Moot-Amended order filed and signed.<br>Copies mailed to attys. of record.<br><br>ORDER, Jabar, J. (12/2/08) (Motion to Specify)<br>The Clerk shall incorporate this Order on the docket by reference.<br>Copies mailed to attys. of record.<br><br>ORDER, Jabar, J. (12/4/08)<br>Motion for Consolidation is GRANTED.<br>Copies mailed to attys. of record. |
| 12/11/08 | Certification of Record, filed.  s/Sturtevant, AAG<br>**NOTICE AND BRIEFING SCHEDULE ISSUED.**<br>Copies mailed to attys. of record. |
| 1/20/09 | Plaintiff/Petitioner Maine State Chamber of Commerce's Brief, filed.<br>s/Stiles, Esq.<br>Rule 80C Brief of the Maine Automobile Dealers Association Insurance<br>Trust, filed. s/Gerrity, Esq.<br>Plaintiff/Petitioner Anthem Health Plans of Maine, Inc.'s Brief in<br>Support of Petition for Review of Final Agency Action, filed. s/Roach, Esq. |

| Date of Entry | Docket No. _____ |
|---|---|

| | |
|---|---|
| ------- | Brief of Maine Association of Health Plans, filed. s/Frink, Esq. |
| 2/4/09 | Unopposed Motion for Enlargment of Time to File Brief, filed. s/Laubenst |
| 2/11/09 | ORDER, Jabar, J.<br>The motion of the Dirigo Health Agency for an enlargement of time to file a brief is hereby granted. The briefs of Respondents, Dirigo Health Agency and Superintendent of Insurance, shall be filed on or before March 6, 2009.<br>Copies mailed to attys. of record. |
| 3/6/09 | Brief of Respondent-Defendant Superintendent of Insurance, filed. s/Sturtevant, Jr., AAG<br>Brief of Respondent Dirigo Health Agency, filed. s/Laubenstein, AAG |
| 3/11/09 | Errata Filing of the Superintendent of Insurance, filed. s/Sturtevant, AAG |
| 3/20/09 | Reply Brief of Maine Association of Health Plans in Support of Petition for Review of Final Agency Action, filed. s/Frink, Esq. |
| ------- | Plaintiff/Petitioner Maine State Chamber of Commerce's Reply Brief in Support of Petition for Review of Final Agency Action, filed. s/Frink, Esq. |
| ------- | Reply Brief of the Maine Automobile Dealers Association Insurance Trust, filed. s/Gerrity, Esq. |
| | Plaintiff/Petitioner Anthem Health Plans of Maine, Inc.'s Reply Brief, filed. s/Roach, Esq. |
| | Notice of setting for - 5/11/09 @ 9:00<br><br>sent to attorneys of record. |
| 5/11/09 | Hearing held with Hon. Justice Joseph Jabar, presiding. Tape 1097,1098 Index 2189-7220, 50-90<br>Attys. of record present. Oral arguments made to the court. Court to take matter under advisement. |
| 6/3/09 | Proposed Decision and Order, filed.<br>Proposed Order, filed.<br>Proposed Decision and Order, filed.<br>Proposed Decision and Order, filed.<br>Proposed Decision and Order, filed. |
| 8/31/09 | DECISION AND ORDER, Jabar, J.<br>For these reasons, the court GRANTS the M.R.Civ.P. 80C appeal filed by the petitioners in this case and REMANDS this case to the Superintendet with the order that is disapprove the AMCS determination submitted by the Board because it was not reasonable supported by the evidence. Furthermore, the court ORDERS that the Superintendent remand the matter back to the Board for purposes of determining an AMCS consistent with the law and this decision.<br>Copies mailed to attys. of record.<br>Copies mailed to repositories. |

Date Filed __10/23/08__ __Kennebec__ Docket No. __AP08-74__
County

Action __Petition for Review__
80C

# J. JABAR

Anthem Health Plans of Maine, Inc. VS. Superintendent of Insurance, et als

Plaintiff's Attorney

Christopher T. Roach, Esq.
One Monument Square
Portland Maine 04101

Defendant's Attorney
Thomas Sturtevant, AAG
William Laubenstein, III AAG
Michael Colleran, AAG
6 State House Station
Augusta Maine 04333-0006
— D. Michael Frink, Esq. (ME Assn.)
One Canal Plaza, Ste. 1000
P.O. Box 7320
Portland Maine 04112-7320

| Date of Entry | |
|---|---|
| 10/23/08 | Petition for Review of Final Agency Action, filed. s/Roach, Esq. |
| 11/5/08 | Unopposed Motion to Spcecify Course of Proceedings with Incorporated Memorandum of Law, filed. s/Rand, Esq.<br>Proposed Order, filed. |
| 11/7/08 | Entry of Appearance, filed. s/Laubenstein, III, Esq. |
| 11/12/08 | Entry of Appearance and Statement of Position of Party-in-Interest Maine Association of Health Plans, filed. s/Frink, Esq. |
| 12/3/08 | Unopposed Motion for Consolidation, filed. s/Sturtevant, AAG (11/20/08)<br>Proposed Order, filed. |
| 12/9/08 | ORDER, Jabar, J.<br>Motion is GRANTED.<br>Copies mailed to attys. of record.<br><br>ORDER, Jabar, J. (12/4/08)<br>Motion for Consolidation is GRANTED.<br>Copies mailed to attys of record. |
| 12/11/08 | Certification of Record, filed. s/Sturtevant, AAG<br>**NOTICE AND BRIEFING SCHEDULE ISSUED.**<br>Copies mailed to attys. of record. |
| 1/20/09 | Plaintiff/Petitioner Maine State Chamber of Commerce's Brief, filed. s/Stiles, Esq.<br>Rule 80C Brief of the Maine Automobile Dealers Association Insurance Trust, filed. s/Gerrity, Esq.<br>Plaintiff/Petitioner Anthem Health Plans of Maine, Inc.'s Brief in Support of Petition for Reivew of Final Agency Action, filed. s.Roach, Esq.<br>Brief of Maine Association of Health Plans, filed. s/Frink, Esq. |
| 2/4/09 | Unopposed Motion for Enlargment of Time to File Brief, filed. s/Laubenstein, AAG |
| 2/11/09 | ORDER, Jabar, J.<br>The motion of the Dirigo Health Agency for an enlargement of time to file a bref is hereby granted. The briefs of Respondents, Dirigo Health Agency and Superintendent of Insurance, shall be filed on or before |

| Date of Entry | |
|---|---|
| | March 6, 2009. Copies mailed to attys. of record. Brief of Respondent-Defendant Superintendent of Insurance, filed. s/Sturtevant, Jr., AAG |
| 3/6/09 | |
| | Brief of Respondent Dirigo Health Agency, filed. s/Laubenstein, AAG |
| 3/11/09 | Errata Filing of the Superintendent of Insurance, filed. s/Sturtevant AAG |
| 3/20/09 | Reply Brief of Maine Association of Health Plans in Support of Petition for Review of Final Agency Action, filed. s/Frink, Esq. |
| --------- | Plaintiff/Petitioner of Maine Association of Health Plans in Support of Petition for Review of FinalAgency Action, filed. s/Frink, Esq. |
| ------- | Reply Brief of the Maine Automobile Dealers Association Insurance Trust, filed. s/Gerrity, Esq. |
| -------- | Plaintiff/Petitioner Anthem Health Plans of Maine, Inc.'s Reply Brief, filed. s/Roach, Esq. |

Notice of setting for __5/11/09 @ 9:00__

sent to attorneys of record.

<table>
<tr><td>5/11/09</td><td>Hearing held with Hon. Justice Joseph Jabar, presiding. Tape 1097,1098 Index 2189-7220, 50-90<br>Attys. of record present. Oral arguments made to the court. Court to take matter <u>under advisement</u>.</td></tr>
<tr><td>6/3/09</td><td>Proposed Decision and Order, filed.<br><br>Proposed Order, filed.<br><br>Proposed Decision and Order, filed.<br><br>Proposed Decision and Order, filed.<br><br>Proposed Decision and Order, filed.</td></tr>
<tr><td>8/31/09</td><td>DECISION AND ORDER, Jabar, J.<br>For these reasons, the court GRANTS the M.R.Civ.P. 80C appeal filed by the petitioners in this case and REMANDS this case to the Superintendent with the order that it disapprove the AMCS determination submitted by the Board because it was not reasonable supported by the evidence. Furthermore, the court ORDERS that the Superintendent remand the matter back to the Board for purposes of determining an AMCS consistent with the law and this decision.<br>Copies mailed to attys. of record<br>Copies to repositories.</td></tr>
</table>