STATE OF MAINE                              SUPERIOR COURT
KENNEBEC, SS.                               CIVIL ACTION
                                            DOCKET NO. AP-09-54
                                            DHM - KEN - 5/7/2010

NORMAN DAIGLE,

          Petitioner

     v.                                     **ORDER**

DEPARTMENT OF PUBLIC SAFETY,

          Respondent


This matter is before the court on a M.R. Civ. P. 80C petition for judicial review from the Department of Public Safety's denial of Mr. Daigle's application for a permit to possess a non-concealed firearm by a prohibited person pursuant to 15 M.R.S. § 393(2).

In April of 1978, petitioner was convicted of grand larceny under the then existing criminal law and received a sentence of nine months to the county jail, with all but 30 days suspended, and placed on probation for a period of two years. In August of 2001 the defendant pled guilty to charge to a charge of possession of a firearm by a felon and was ordered to pay a fine. In April of 2009, the petitioner applied for a permit to be allowed to use a black powder rifle for hunting purposes. In accordance with statute, the Department of Public Safety notified criminal justice officials inquiring whether there were any objections to the issuance of a permit. In August of 2009, the Chief Justice of the Superior Court made an objection to the application, and in September of 2009, the Office of the Attorney General submitted an objection to the application. Subsequently, the Commissioner of the Department of Public Safety denied the application because of the written objections received from the Chief Justice and the Attorney General.

The law regarding the possession of firearms prohibited for certain person can be found in 15 M.R.S. § 393. Subsection 2 of that section provides:

> **2. Application after 5 years.** A person subject to the provisions of subsection 1, paragraph A-1 or C as a result of a conviction or adjudication may, after the expiration of 5 years from the date that the person is finally discharged from the sentences imposed as a result of the conviction or adjudication, apply to the commissioner for a permit to carry a firearm. That person may not be issued a permit to carry a concealed firearm pursuant to Title 25, chapter 252. . . .

15 M.R.S. § 393(2) (2009).

> Upon receipt of the application,
>
> the commissioner shall determine if it is in proper form. If the application is proper, the commissioner shall within 30 days notify in writing the sentencing or presiding judge, the Attorney General, the district attorney for the county where the applicant resides . . . . If, within 30 days of the sending of notice, any person so notified objects in writing to the issuance of a permit, a permit *may not be issued.* The commissioner may deny an application even if no objection is filed.

15 ,M.R.S. § 393(4) (2009) (emphasis added).

Generally, when the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, the court reviews the agency's decision directly for an abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Servs.*, 664 A.2d 369, 370 (Me. 1995) However, where the statute does not provide discretion in the administrative agency on a matter under a statute specifically providing mandatory language, the agency must only comply. Therefore, since the Department of Public Safety received written objections within the statutory period, the Commissioner correctly determined that the Legislature had provided her with no discretion to grant the application and that it must be denied.

Notwithstanding petitioner's challenge, or the basis for the objections, this court has no jurisdiction to review those matters non-discretionary in the agency involved.

2

The entry will be:

Petition for judicial review is DENIED.

DATED: *May 7, 2010*

Donald H. Marden
Justice, Superior Court

3

| Date Filed | 10/20/09 | Kennebec | Docket No. | AP-09-54 |
|---|---|---|---|---|

County

Action     Petition For Review
                    80C

J. MARDEN

| Norman Daigle | vs. | Department of Public Safety |
|---|---|---|

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Norman Daigle - Pro Se<br>13 Daigle Drive<br>Clinton, ME 04927 | Donald Macomber, AAG<br>~~Donald Macomber Smith~~, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 10/29/09 | Petition for Review and attachments, filed 10/20/09.  s/Daigle, Pro Se |
| 11/2/09 | Letter entering appearance, filed. s/Smith, AAG |
| 12/1/09 | Letter, filed. s/Smith, AAG |
| ------ | Letter entering appearance, filed. s/Macomber, AAG  (11/25/09)<br>**Certified Record, filed.** s/ Macomber, AAG |
| | **NOTICE AND BRIEFING SCHEDULED ISSUED**<br>Copies mailed to attys. of record. |
| 1/4/10 | Petitioner's Brief, filed. s/Daigle, Pro Se |
| 2/3/10 | Respondent's Brief, filed. s/Macomber, AAG |
| 4/8/10 | Letter informing the court that there is no objection to the court's consideration on the briefs without oral argument, filed. s/Macomber, AAG |
| 5/7/10 | ORDER, Marden, J.<br>Petition for judicial review is DENIED.<br>Copies to party/counsel<br>Copies to repositories |