STATE OF MAINE                             SUPERIOR COURT
SAGADAHOC, SS.                             Civil Action
                                           Docket No. AP-2016-01


AMBROSIA ESTRADA,            )
                Petitioner,  )
                             )
                             )
                             )
        v.                   )            **ORDER ON PETITION FOR REVIEW**
                             )
                             )
STATE OF MAINE,              )
SECRETARY OF                 )
STATE,                       )
                Repondent.   )


        This matter comes before the court on the Petitioner's Petition for Review dated January 27, 2016. In her petition, the Petitioner argues that the Respondent erroneously found that there was probable cause that the Petitioner operated under the influence of intoxicants.

## STANDARD OF REVIEW

        When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, the court reviews the agency's decision for abuse of discretion, errors of law, or findings not supported by the evidence. Centamore v. Dep't of Human Services, 664 A.2d 369, 370 (Me.1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." Seider v. Board of Exam'r of Psychologists, 2000 ME 206, ¶ 9, 762 A.2d 551, 555 (citing CWCO, Inc. v. Superintendent of Ins., 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261). In reviewing the decision of an administrative agency, the court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." Imagineering v. Superintendent of Ins., 593 A.2d 1050, 1053 (Me.1991). The focus on appeal is not whether the court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. See CWCO, Inc. v. Superintendent of Ins., 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261. "Inconsistent evidence will not render an agency decision unsupported." Seider, 2000 ME 206, ¶ 9, 762 A.2d at 555 (citing Bischoff v. Bd. of Trustees, 661 A.2d 167, 170 (Me.1990)). The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the agency's decision. See Id.

1

## ANALYSIS

The Petitioner argues that this court should overturn the decision of the Secretary of State because, in her view, the videotape entered into evidence and other testimony could lead one to the conclusion that the Petitioner was not under the influence of intoxicants. The Petitioner essentially asks this court to weigh the evidence differently than the Hearing Officer apparently did and to reach a different conclusion as result. That is not the role of this court when reviewing the decision of an administrative agency pursuant to M.R. Civ. P. 80C.

As detailed on page 8 of the Respondent's brief, the record contains competent and substantial evidence that supports the conclusion that there was probable cause that the Petitioner operated under the influence of intoxicants. The Petitioner puts emphasis on other evidence that could contradict that conclusion. However, the videotape and other evidence relied upon by the Petitioner does not compel a different result. It would be improper for this court to engage in second-guessing of the agency as the Petitioner requests.

## CONCLUSION

For the reasons stated above, the decision of the Secretary of State is AFFIRMED.

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Dated: May 11, 2016

JUSTICE, MAINE SUPERIOR COURT

2